## EMERY WILLARD *vs.* CITY OF CAMBRIDGE.

No action lies to recover damages for the obstruction of a highway, against a city which is bound to keep it in repair, by an individual whose place of business thereby becomes more difficult to reach, his business injured, the delivery of articles which he has sold and the gathering in of his crops more expensive, his houses less desirable for tenants, and his rents diminished in value, if other persons suffer damages from the same cause, similar in kind, though less in degree.

TORT. The declaration, which was very long, alleged, in substance, that the city of Cambridge raised the draw and took up the planks of a draw-bridge, which formed a part of a public highway which they were bound to keep in repair, and obstructed the travel over the same for sixteen days, whereby the plaintiff, who was a dealer in lumber, wood and coal at a wharf adjacent to the bridge, was injured in his business, and his customers were unable to come to his wharf, and he lost the sale of lumber, wood and coal, and was subjected to increased trouble and expense in delivering what he had already sold and promised to deliver, and in getting in his crops, and his houses occupied by tenants were rendered less desirable, and he was obliged to abate from his rents in order to keep his tenants. The defendants filed a demurrer, assigning for cause that no legal cause of action was set forth ; and the case was reserved, by *Dewey*, J., for the determination of the whole court.

*R. Olney*, for the defendants.

*J. P. Converse & W. W. Warren*, for the plaintiff.

BIGELOW, C. J. We cannot distinguish this case from those in which it has been determined by this court that no action at law can be maintained to recover damages for the obstruction of a highway, unless a party can prove that he has sustained some special and peculiar damage thereby, different in kind, and not merely in degree, from that which is occasioned to other persons by the alleged nuisance. *Quincy Canal* v. *Newcomb,* 7 Met. 276. *Brainard* v. *Connecticut River Railroad,* 7 Cush. 511. *Blood* v. *Nashua & Lowell Railroad,* 2 Gray, 140. *Brightman* v. *Fairhaven,* 7 Gray, 271. *Harvard College* v. *Stearns,*

15 Gray, . *Hartshorn* v. *South Reading*, *ante*, 504. No doubt the annoyance and injury to the plaintiff by the acts alleged in the declaration were much greater in amount than those which were caused to any other person having occasion to use the same highway. But it was a similar sort or species of damage. His near proximity to the bridge and the nature of the business in which he was engaged did not change the kind of damage to which he was subjected, but only increased the extent of the injury. Every traveller having occasion to pass the bridge or to transport goods or merchandise across it incurred in some degree additional trouble and expense, as well as loss of time, by being compelled to seek another and more circuitous route. These elements of damage are the same as those claimed by the plaintiff, and are not special or peculiar to him so as to furnish a good cause of action. The same is true of the alleged loss of rents. Every person owning property on the highway leading to the bridge, near to or remote from the place of the alleged obstruction, sustained a similar injury. *Smith* v. *Boston*, 7 Cush. 257. The case of *Stetson* v. *Faxon*, 19 Pick. 147, is distinguishable from the case at bar by the leading fact that there the nuisance causing the obstruction to the plaintiff's premises was erected directly against and abutting on the estate of the plaintiff, and diverted travel therefrom, and it did not appear that any other person sustained a similar injury.

*Demurrer sustained.*