BRANDENBURG *v.* HITTEL ET AL.

[No. 2,186.    Filed October 15, 1896.]

HIGHWAYS.— *Vacation of.*— *Assessment of Damages.*— *Appeal.*— *Waiver.*—The failure of the petitioners for the vacation of a highway to move the board of commissioners to set aside the report of reviewers assessing damages, and appoint a new set of reviewers, does not waive the objections to the report and preclude the right of appeal to the circuit court.

SAME.—*Vacation of.*—*Abutting Landowner.*— *Remonstrance.*— *Statute Construed.*—The owner of land abutting on a highway at the

point of intersection by another highway that is sought to be vacated, is not an owner of land through which the highway sought to be vacated passes, within the meaning of section 6746, Burns' R. S. 1894, giving right to remonstrate for damages.

From the Marion Circuit Court.  *Affirmed.*

*Henry Warrum* and *S. E. Urmston,* for appellant.

*James B. Black* and *Charles G. Offutt,* for appellees.

Lotz, J.—This cause was transferred to this court by order of the Supreme Court.

The appellees petitioned the board of commissioners of Hancock county to vacate a certain highway; said highway being situated wholly within that county.  After the appointment of viewers and the filing of their report favorable to such vacation, the appellant filed a remonstrance on the ground that the vacation would not be of public utility; and on the ground that he would sustain damages by such vacation.  Reviewers were appointed who reported in favor of the utility of the proposed vacation and of damages to appellant in the sum of $150.00.  The board entered a final order vacating the road and requiring the appellees, the petitioners, to pay to the appellant the damages assessed.  The petitioners appealed to the circuit court of Hancock county from the award of damages and the remonstrant appealed from the order vacating the road.  The venue was changed to the court below.  A trial resulted in a finding and a judgment vacating the road and without awarding the appellant any damages.

The action of the Marion Circuit Court in overruling the appellant's motion to dismiss the appeal, and appellant's motion for a new trial are the only errors assigned.

The basis for appellant's motion to dismiss appel-

lees' appeal is that the petitioners failed to move the board to set aside the report of the reviewers assessing damages for the purpose of having the board appoint a new set of reviewers to assess the damages. It is contended that the failure to make such motion was a waiver of all objections to the report and that therefore, no question could be properly presented as to the damages in the circuit court.

Many authorities are cited to the effect that it is only such questions as were properly raised and put in issue before the board that can be tried and determined on appeal to the circuit court. It is insisted that as no objection was made in the commissioners court to the report of the reviewers assessing damages in favor of the remonstrant, that none can be raised in the circuit court and that it follows that appellant's motion to dismiss should have been sustained.

Whilst it is true that the board may, when it is made to appear that the damages are unreasonable, set aside the assessment and order another review, section 6749, Burns' R. S. 1894 (5022, R. S. 1881), it is not contemplated that the aggrieved party must object to the assessment and pray for another review. The authorities cited are not in point because the report of the reviewers does not form any issue in the case; but upon appeal such report is vacated and set aside as the direct effect of the appeal, and in the circuit court the question of damages is tried *de novo*, *Turley* v. *Oldham*, 68 Ind. 114; *Thayer* v. *Burger*, 100 Ind. 262; *Clift* v. *Brown*, 95 Ind. 53. The issue to be tried is made by the remonstrance and not by the report of the reviewers nor by any ruling the board might make in relation thereto.

There was no error in overruling this motion. On the trial of the cause in the circuit court the appellant

Brandenburg *v.* Hittel *et al.*

proposed to prove the value of his lands with and without the road. The appellees objected to this evidence stating as one of the grounds of their objections that the road did not pass through appellant's lands, and for that reason he was not entitled to damages. This objection was sustained and a new trial was sought on account of such ruling.

The road sought to be vacated did not pass through the appellant's lands, nor did his lands abut thereon. The accompanying plat shows the relative position of the highway and of appellant's lands.

The statute relating to the location, vacation or change in a highway, when the same is wholly within one county provides that "If any person through whose land such highway or change may pass shall feel aggrieved thereby, such person may at any time before the final action of the board thereon set forth

such grievances by way of remonstrance," etc. Section 6746, Burns' R. S. 1894. This section relates to a remonstrance for damages only. A remonstrance for public utility is provided for in a subsequent section.

It will be seen that the section quoted limits the remonstrance to the person through whose lands the highway passes. It is true the highway proposed to be vacated intersects with another highway upon which appellant's lands abut; but it is not proposed to vacate any part of the latter highway. The appellant's lands lie directly south of the highway proposed to be vacated and a line projected south would pass over his lands; but this does not make him an abutting landowner. *House* v. *City of Greensburg*, 93 Ind. 533.

The appellant insists that the statute which provides for the change of a highway when it extends into two or more counties permits a remonstrance for damages by persons other than those over whose lands the highway passes when they are affected by the change. Section 6734, Burns' R. S. 1894. Whether or not such is the effect of that statute we need not determine. The statute under which this proceeding was instituted is a separate and distinct enactment from that relative to changes in highways when they extend into two or more counties. The proceeding is strictly statutory and only such persons as the statute has given the right can remonstrate for damages. As the highway proposed to be changed did not pass over appellant's lands and as his lands did not abut thereon he was not entitled to any damages at all. There was therefore no error in excluding the proposed testimony. It also appears from undisputed testimony that the appellant had no right to remonstrate for damages, and, therefore, had no standing in court. It is essential that it should ap-

pear on the face of the remonstrance that the remonstrant has the statutory qualifications. "The reason is the same respecting things which do not appear as to those which do not exist." *Wells* v. *Rhodes*, 114 Ind. 467.

It conclusively appears that appellant did not have the statutory qualifications as a remonstrator for damages.

The judgment below was therefore right.

Judgment affirmed.