## WATSON, ADMR., v. SOUTHERN RY.

CHILD—PARENT—CONTRIBUTORY   NEGLIGENCE—PRESUMPTIONS—NEGLI-
GENCE.—In an action by the administrator of a child seven or eight
years of age, for his death by the negligence of a railroad, there being
no evidence as to his knowledge, intelligence or capacity for observ-
ing care, the *prima facie* presumption is that he was incapable of
personal negligence, and contributory negligence cannot be imputed
to such child, nor to its parent or custodian, so as to prevent a re-
covery.   But this rule does not apply in an action by a parent for
injuries to himself by loss of services from personal injury to the
child.

Before GAGE, J., Abbeville, February, 1902.   Reversed.

Action by Mose Watson, administrator of Eugene Wat-
son, against Southern Railway.   From judgment for de-
fendant, plaintiff appeals.

*Messrs. J. Fraser Lyon, M. P. DeBruhl* and *Frank B.
Gary,* for defendant.   The former cites: *Whether one is a
trespasser, is a mixed question:* 29 S. C., 583; 96 U. S.,
234; 55 S. C., 589; 46 S. C., 92; 37 S. C., 433; 63 S. C.,
197.   *As to lookout by defendant:* 39 S. E., 758.   *Duty to
child on its track:* 36 S. E., 440, 5 S. E., 573.   *Duty of
engineer to lookout:* 59 S. C., 758; 36 S. E., 444, 151; 15
Wall., 401; 5 S. E., 573.   *As to negligence of custodian im-
puted to child:* 15 Wall., 401; 25 L. R. A., 784; 83 R. A.,
842.   *Charge on issue not raised is error:* 11 Ency. P & P.,
158-9; 111 U. S., 549.

*Mr. T. P. Cothran,* contra, cites: *Duty of railroad to tres-
passer:* 64 S. C., 7; 57 S. C., 243; 64 S. C., 104.   *As to
contributory negligence of child's custodian imputed to it:*
21 S. W., 274; 119 N. Y., 147; 9 L. R. A., 259; 7 Ency.,
2 ed., 450; 96 E. C. L., 719; 29 Fed., 464; 22 Fed., 609;
34 Minn., 557; 34 Am. Dec., 273; 9 Allen, 401; 4 Allen,
283; 8 Gray, 123; 6 Am. R., 192; 135 Mass., 363; 27

Ind., 513; 29 Minn., 336; 59 Ind., 89; 3 Thomp. on Neg.,
3076.

April 3, 1903. The opinion of the Court was delivered
by

MR. JUSTICE JONES. This was an action under sections
2851 and 2852, Code 1902, for damages for death of
plaintiff's intestate alleged to have been caused by the negli-
gence of the defendant company. The defenses were:
(1) general denial; (2) that the injury was solely caused
by the negligence of the deceased; (3) contributory negli-
gence. The jury rendered a verdict in favor of the defend-
ant. This appeal is from the judgment entered thereon upon
numerous exceptions to the instructions given to the jury.

All the exceptions, except those raising the question to
be hereafter noticed, are overruled. Some of them are of no
practical importance, some are based upon a misconception
of the requests and charge, and none of them show a case
of reversible error, when the whole charge is considered.

The vital question in the case is presented by the fourth
specification in the ninth exception and by the fifteenth ex-
ception, which complain of the instructions as to imputed
negligence. A brief statement of the facts here is important
to a correct understanding of the question. The evidence
in behalf of plaintiff was to the effect that the plaintiff's in-
testate, Eugene Watson, was a child of plaintiff, about seven
or eight years old; that on the 15th day of January, 1900,
he was in company with an older sister and brother, whose
ages are not given, and was attempting to cross a high
trestle on defendant's railway, near the city of Abbeville,
when defendant's train ran over him and killed him. The
trestle was about 100 feet long. The older sister was with
another person and ahead of the deceased and his brother,
who were crossing together, and she got safely over the
trestle when she heard the coming train; she warned her
brothers of the coming train, and they, being about half way
across the trestle, turned back. The deceased fell twice and

was helped up by his brother, and the third time fell, at which moment the train was very near, and the brother jumped from the trestle and escaped, but the deceased was run over and killed. There was some evidence in behalf of plaintiff tending to show that if defendant kept a reasonable lookout, the peril of the deceased child must have been discovered in time to stop the train and avoid the killing. The evidence in behalf of defendant was to the effect that as soon as defendant's servants discovered the presence of the children upon the trestle they did everything that was possible to avert the collision.

The jury were instructed in accordance with defendant's request as follows: "If the jury believe from the evidence that the deceased at the time of the accident, as alleged, was in the company and care and custody of others of sufficient age and intelligence to appreciate the danger of trespassing upon the railroad track, and was thereby guilty of contributory negligence, then such contributory negligence can be imputed to the deceased, and contributory negligence to any extent which is one of the proximate causes of the accident will bar a recovery." The Court further charged the jury: "It seems to me that if an adult person leads a child into a place of peril, and the adult person is a trespasser, then the rights of the child would be determined by the acts and knowledge of such adult person." There was no evidence that the parents of the deceased, for whose benefit this action was brought, had placed the deceased in the care and custody of any one. The charge therefore had reference to the testimony that the deceased at the time of the injury was in the company of his older sister or brother. The brother was helping the deceased in the attempt to cross the bridge, and doubtless the charge was intended to be made applicable to the circumstances. The doctrine of imputable contributory negligence as applied to a child of such tender years as not to be guilty of personal negligence, seems to have originated in this country in the case of *Halifield* v. *Roper,* 21 Wend., 615, 34 Am. Dec., 273, wherein an action in the

4—66

child's name was held to be defeated by the contributory negligence of the parents in permitting the child, two years old, to be in a public highway unattended, when he was negligently injured by a traveler driving a team therein. This view has been followed in several States, but the great current of authorities in this country repudiates the doctrine, as will appear by reference to the citations pro and con in 7 Ency. Law, 2 ed., 449, and note, to *Chicago City R. Co.* v. *Wilcox,* 21 L. R. A., 78. This doctrine is also opposed by the leading text-writers: Beach Contrib. Neg., secs. 38-48; Shearm & Reof. Neg., 75; Bishop Non-Con. Law, sec. 582; Wharton on Neg., sec. 314. We take the view that the negligence of a parent or custodian is not imputable to a child *non sui juris.* In this case, the deceased was seven or eight years old, and there was no evidence whatever submitted as to his knowledge, intelligence or capacity for observing care. In the absence of any such evidence the *prima facie* presumption is that he was incapable of personal negligence. To impute contributory negligence to such a child would be to make him a tort feasor by imputation when he could not be such in fact; it would be visiting the innocent with the faults of the guilty; it would permit the child's protector to be authorized to destroy it; it would place the personal rights of the child at the mercy of any one by whose fault it is injured, provided the guilty one happens to have the co-operation of the child's custodian in the work of injury. Such a doctrine is an anomaly in the law. It is not defensible on any ground of agency, because a child *non sui juris* cannot appoint an agent; nor upon any ground which identifies the infant with its custodian, because the personal rights of the infant are not within the control of its custodian. The infant having no volition, did not create either the relation of custodian or the danger which results in injury. Nor is the doctrine defensible on any ground of public policy. There is some little plausibility in the view that the New York rule might have tendency to prevent depraved

parents or custodians of children from exposing them to danger in the hope of gain by suits for damages, if the negligence of the custodian cannot be imputed to the child so as to defeat the same; but such considerations seem small in comparison with the reasons which make the protection of infants against those who are not by law or nature their guardians. The view opposed violates all our conceptions of justice and of those principles of the common law which protect the innocent from the guilty, which has tender regard for the rights and safety of the helpless, which will not excuse negligence merely because it co-operates with other actionable negligence in working injury to one without fault. There is a distinction, however, between actions by or in the name of infants for personal injuries and actions by the parent for injury to the parent resulting from injury to the child, as, for example, for loss of service of the child. In such latter cases the ordinary rule of contributory negligence prevails, and if the parent's negligence has proximately contributed to the injury, he cannot recover because he helped to bring about his own injury and not because his negligence is imputable to the child. But the present action is under the statute commonly referred to as the Lord Campbell's act, and is neither in the name of the infant nor in the name of the parent or guardian, but is by the administrator of the infant as designated by the statute for the benefit of the parents. It has been decided that the right of action under this statute is a new one, and not a mere revival of the cause of action which belonged to the intestate. *In re Est. Mayo,* 60 S. C., 413, 38 S. E. R., 604. But the right of the administrator to recover depends upon whether the deceased if he had lived would have had a right to recover. *Mayo's case, supra;. Price* v. *R. R.,* 33 S. C., 556, 12 S. E. R., 413 ; *Recd* v. *R. R. Co.,* 37 S. C., 42, 16 S. E. R., 79 ; sec. 2851, Code 1902. If, therefore, the intestate if he had lived could have recovered notwithstanding the contributory negligence of his custodian, so also may the plaintiff administrator in this action recover, notwithstanding the negligence of the

intestate's custodian, if he had one present at the time of the killing—provided, of course, that the death was proximately caused by the defendant's negligence.

For the reasons stated the judgment of the Circuit Court is reversed and the case remanded for a new trial.