GREENAWALDT v. LAKE SHORE & MICHIGAN
SOUTHERN RAILWAY COMPANY.

[No. 20,542. Filed April 7, 1905. Rehearing denied June 28,
1905.]

1. PLEADING.—Demurrer.—What It Admits.—A demurrer to a
pleading admits the truth of the facts well pleaded. p. 223.

2. SAME.—Complaint.—Demurrer.—Two Inferences from Facts.
—Contributory Negligence.—Where a complaint states facts
from which a jury might or might not infer the contributory
negligence of the plaintiff, the complaint will be held sufficient.
p. 223.

3. PLEADING.—Complaint.—Railroads.—Highway Crossings.—A
complaint against a railroad company for damages on account
of injuries sustained at a highway crossing, alleging that such
company had a custom of running its east-bound trains on its
north track; that plaintiff, relying on such custom, approached,
from the east, an acute-angled highway crossing; that, seeing
the west-bound train standing beyond the crossing on the south
track, she attempted to cross; that her horse scared at the
caboose of such train; that she urged him forward while so
frightened; that she kept watching beyond such freight-train
for an east-bound train on the north track and that while so
engaged a fast train, west bound on the north track, negligently
came down upon her without warning and struck her, causing
injuries, states a cause of action. p. 223.

4. SAME.—Pleading.—Negligence.—Proximate Cause.—A com-
plaint showing that defendant's negligence was the proximate
cause of an injury to plaintiff is sufficient. p. 224.

From Lagrange Circuit Court; J. D. Ferrall, Judge.

Action by Mary E. Greenawaldt against the Lake Shore
& Michigan Southern Railway Company. From a judg-
ment for defendant, plaintiff appeals. Transferred from
Appellate Court under §1337u Burns 1901, Acts 1901, p.
590. Reversed.

E. B. Dunten, P. V. Hoffman and Dunten & McClaskey,
for appellant.

Olds & Doughman, George C. Green, F. J. Jerome and
John W. Hanan, for appellee.

HADLEY, C. J.—Appellant sues to recover damages for personal injuries alleged to have been received through the negligence of appellee., The court sustained a demurrer, for insufficiency of facts, to what is called in the record the third amended complaint. The plaintiff refused to amend, and judgment for cost was rendered against her, from which judgment she appeals.

It is alleged in the complaint that the defendant owns and operates a double-tracked railroad running generally east and west through Dekalb county, which, as it approaches the town of Butler, runs in a slightly northeast and southwest direction; that it is twenty feet from the north end to the south end of the ties of the tracks; that near Butler there is what is known as Reynolds Crossing, made by the railroad intersecting an east-and-west highway at an angle of fourteen degrees; that to promote safety and expedition in the running of trains, the company had adopted and established the uniform custom of running all east-bound trains on the north track, and all west-bound trains on the south track, all trains being run in such order, except in cases of wreck, blockade, or other emergency, which was very rare; that the custom had been so long established and unvaryingly observed that it became well known throughout the community; that beginning at the east cattle-guard fence at a point 177 feet east of the crossing and thence eastward, said east-and-west highway is fenced on the north side thereof, and on the south side a fence beginning 200 feet east of the crossing at a lane running south continues west along the south line of the highway to a cattle-guard fence on the west of said crossing; that these fences and the acuteness of the angle with which the railroad crosses the highway, cause the former so to encroach upon the latter that from the crossing for fifty feet eastward the highway available for travel is but sixteen feet wide, and for the next 100 feet eastward is but twenty feet wide, so, having approached nearer than one hundred and fifty feet of the

crossing, a traveler in a vehicle could not turn around and retreat from an approaching train, and must choose between the danger of collision with the train, or injury from a frightened horse; that the grade of the railroad at the crossing, and for a considerable distance to the east and west, is from one and a half to three feet higher than the highway, and at the crossing the tracks of the railroad are visible to the east for 1,500 feet, and to the west for 1,200 feet; that about noon, on January 31, 1901, the plaintiff, who resided in the vicinity, and had often driven over the crossing, and was well acquainted with it, and with the defendant's custom of running its trains, but had no knowledge whatever of any deviation from such custom, was traveling in a buggy westward on said highway to the town of Butler; that the day was cold, the ground covered with snow, and the wind was blowing briskly from the west; that a large number of telephone and telegraph wires stretched along both the highway and the railroad, at the crossing, made a loud roaring sound resembling the rumbling of an approaching train; that on the south track of the railroad, and immediately west of the crossing, a long freight-train was standing, headed west, with the caboose resting on the west cattle-guard; that this freight-train standing on the south track completely obscured the north track for several hundred feet; that the plaintiff's sight and hearing were good, and, having arrived at a point 177 feet east of the crossing, the plaintiff stopped her horse, stood up in the buggy, and looked back eastward and listened for an approaching train; that she could see the track back to the whistling post, 1,500 feet or further, and, there being no train in sight, and no sound from any, and the heavy freight-train standing inactive on the west-bound track just over the crossing, she believed that it was safe to cross; so she whipped up her horse and started briskly over; that as she neared the crossing her horse shied at the caboose of the freight-train, and stopped, and, being urged forward

by the plaintiff with a whip, the horse continued to shy, squat and stop; and having so recently listened for an approaching train, and seen that the track to the east, back to the whistling post—more than 1,500 feet—was clear, and the freight-train still remaining inert on the west-bound track—she permitted her perilous situation, caused by the conduct of her horse, and the possibility that an east-bound train might dash up from behind the freight-train and catch her on the crossing, to absorb her entire strength and care, devoting her attention to controlling her horse and looking out for a train approaching from the west, she, at the time, deeming that line of care more efficient to her personal safety than an effort again to stop her horse before entering upon the crossing, for the purpose of again looking and listening for the approach of a train from the east; that while being so absorbed, and unavoidably delayed by the unexpected conduct of her horse, the defendant, contrary to the established custom aforesaid, negligently ran a west-bound train over the north track, at the rate of twenty-five miles an hour, upon the crossing, without sounding the whistle or ringing the bell on the locomotive at any time or place after arriving within a distance of one hundred rods of said crossing, in violation of the statutes of Indiana; and negligently failed to warn the plaintiff, by a flagman or otherwise, that it was going to run its said train westward on said north track, contrary to its rule, whereby the plaintiff was deceived, misled and caught on the crossing by said unexpected and negligently run west-bound train, and her horse killed, and she was greatly injured, etc.

. That the complaint sufficiently charges negligence against appellee railroad company is not controverted, but it is claimed by the company that the complaint is bad, because it shows by its averments, and presumptions arising from the absence of averments, that the plaintiff (appellant) was guilty of contributory negligence; while on the other hand

it is maintained by the plaintiff that her conduct with respect to negligence, under the circumstances and conditions existing at the crossing at the time of the accident, was a question of fact for the jury, and not one of law for the court. The controversy thus raised is the question for decision.

As the question arises upon a demurrer to the complaint, all the facts, well pleaded, relating to the plaintiff's conduct, and the conditions existing at the crossing at the time of the accident, must be taken as admitted. The facts being thus undisputed, if the conclusions to be drawn therefrom could be said to be beyond dispute, then, under many decisions of this court, it would become our duty to adjudge as a matter of law whether the plaintiff was in the observance of such care, when injured, as the law exacts. But if the facts exhibited are of a character to be reasonably subject to more than one inference or conclusion under established rules of law, then the ultimate fact. of contributory negligence, or due care, should have been determined by the jury. *Stoy* v. *Louisville, etc., R. Co.* (1903), 160 Ind. 144, 152, and cases cited; Cooley, Torts (2d ed.), 805; 1 Shearman & Redfield, Negligence (4th ed.), §54.

In our view, the application of the above rule to the facts averred in the complaint disposes of this appeal. For whether the plaintiff's conduct at the time of the accident was that of a reasonably prudent person, or whether she should have relaxed her care and attention to her frightened and struggling horse, and again looked back to the east for an approaching train before entering upon the track—in view of all the circumstances alleged in the complaint—clearly seems to us to present a question that should have been submitted to the jury.

Appellee assails the sufficiency of the complaint because it is not averred that appellant could and would have heard

the signals if they had been given.   The complaint
4.   sufficiently shows by general averments that the
negligence charged was the proximate cause of the
plaintiff's injuries.

Judgment reversed, and cause remanded, with instruc-
tions to overrule the demurrer to the third amended com-
plaint.