\ Butt v. Iffert—171 Ind. 554.

• BUTT ET AL. *v*. IFFERT ET 'AL.

[No. 21,118.    Filed January 12, 1909.]

1. HIGHWAYS.— *Statutes.*— *Saving Clauses.*— Under §7793 Burns 1908, Acts 1905, pp. 521, 579, §123, pending highway proceedings are saved, and may be prosecuted the same as if said act had not been passed.    p. 555.

2. APPEAL.—*Overruling Motions to Strike Out.*—*Highways.*—*Remonstrances for Damages.*—The overruling of a motion to strike out a remonstrance for damages in a highway case, does not constitute reversible error.    p. 555.

3. APPEAL.— *Trial.*— *Instructions.*— *When    Considered,    Without Evidence in Record.*—Instructions will be considered on appeal, though the evidence is not in the record, where the record shows that they were not refused because they were inapplicable to the evidence.    p. 557.

4. TRIAL.—*Instructions.*—*Public Utility of Vacation of Highway.*— An instruction, in a highway vacation case, that if the road proposed to be vacated was not of public utility the jury should find for the petitioners on that issue, was correct, and the refusal to give same constitutes reversible error.    p. 557.

From Elkhart Circuit Court; *Lemuel W. Royse*, Special Judge.

Proceeding to vacate a public highway, by Henry Butt and others, against which John M. Iffert and another remonstrate.    From a judgment for remonstrants, petitioners appeal.    *Reversed.*

*Lou W. Vail*, for appellants.

· *Miller, Drake & Hubbell* and *Daniel J. Troyer*, for appellees.

MONKS, J.—Appellants brought this proceeding before the Board of Commissioners of the County of Elkhart in 1904 to vacate a public highway. The first viewers reported that the vacation of said highway would be of public utility. Appellees filed a remonstrance against the vacation of said highway, on the ground that the same would not be of public utility. John M. Iffert, one of the appellees, filed a remonstrance for damages. The reviewers reported that said vacation would be of public utility, and that the damages would amount to $100. The board ordered that the road be vacated, and that said damages be paid by the petitioners. Appellees appealed to the court below, where the case was tried in October, 1906, the trial resulting in a verdict that the vacation of said highway would not be of public utility, upon which final judgment was rendered in favor of appellees. Under the provision of section 123 of the highway act of 1905 (Acts 1905, pp. 521, 579, §7793 Burns 1908), this case is governed by the highway laws in force when the proceeding was commenced, and not by said act of 1905.

1.

The errors assigned call in question the action of the court in overruling appellants' motion to strike out the remonstrance for damages and in overruling the motion for a new trial. It has been uniformly held by this court that, even if the action of the court in overruling a motion to strike out a part or all of a pleading were erroneous, it would not constitute reversible error. *Rowe* v. *Major* (1883), 92 Ind. 206, 209; *Crawford* v. *Anderson* (1891), 129 Ind. 117, 118; *Pittsburgh, etc., R. Co.* v. *Beck* (1899), 152 Ind. 421, 424; Elliott, App. Proc., §639. Upon the question attempted to be presented by said assignment of errors, see §§6746, 6747 Burns 1901, §§5019, 5020 R. S. 1881; 1 Lewis, Eminent Domain (2d ed.), §134; Elliott, Roads and Sts. (2d ed.), §878, and note 4; 4 Sutherland, Damages (3d ed.), §1061; 21 Am. and Eng. Ency. Law (2d ed.), 714-716; *Cummings* v. *City of Seymour*

2.

(1881), 79 Ind. 491, 501, 502, 41 Am. Rep. 618; *Powell* v. *Bunger* (1883), 91 Ind. 64, 68, 69; *Indiana, etc., R. Co.* v. *Eberle* (1887), 110 Ind. 542, 59 Am. Rep. 225; *Sunderland* v. *Martin* (1887), 113 Ind. 411, 415, and cases cited; *Dantzer* v. *Indianapolis Union R. Co.* (1895), 141 Ind. 604, 34 L. R. A. 769, 50 Am. St. 343; *Pittsburgh, etc., R. Co.* v. *Noftsger* (1897), 148 Ind. 101; *Martin* v. *Marks* (1900), 154 Ind. 549; *Brandenburg* v. *Hittel* (1896), 16 Ind. App. 224; *Buhl* v. *Ft. Street Union Depot Co.* (1894), 98 Mich. 596, 57 N. W. 829, 23 L. R. A. 392; *Cram* v. *Laconia* (1901), 71 N. H. 41, 51 Atl. 635, 57 L. R. A. 282; *Selden* v. *City of Jacksonville* (1891), 28 Fla. 558, 10 South. 457, 29 Am. St. 278, 14 L. R. A. 370 and note; *Davis* v. *County Com., etc.* (1891), 153 Mass. 218, 26 N. E. 848, 11 L. R. A. 750; *Willard* v. *City of Cambridge* (1862), 85 Mass. 574; *Hyde* v. *City of Fall River* (1905), 189 Mass. 439, 75 N. E. 953, 2 L. R. A. (N. S.) 269 and note; *Stetson* v. *Faxon* (1837), 19 Pick. (Mass.) 147, 31 Am. Dec. 123 and note.

At the proper time appellants requested the court to instruct the jury, in effect, that if they found that the road proposed to be vacated was not of public utility, they should find for the petitioners upon that issue. The court refused to give said instruction, and also another instruction requested by appellants. It is shown by a bill of exceptions in the record that appellants at the time excepted to the refusal to give each of said instructions. They challenged the refusal to give said instructions severally, and not jointly, as claimed by appellees. All the instructions given by the court to the jury, and all the instructions refused by the court, were made a part of the record under section one of the act of 1903 (Acts 1903, p. 338, §544a Burns 1905).

Appellees insist that no question is presented as to the instructions refused, because the evidence is not in the record.

It is true that it has been held in a number of cases that without the evidence the court cannot say that the instruc-

tions refused were applicable to the evidence in the case, and that was correct in those cases, and the court therefore held that it did not appear that the trial court erred in refusing to give said instructions. But as the record shows that the trial court did not refuse to give said instruction in regard to the issue of public utility because it was not applicable to the evidence, said rule does not apply to this case.

In *Cook* v. *Quick* (1891), 127 Ind. 477, a proceeding to vacate a public highway where there was a remonstrance on the ground that "the vacation of said highway will not be of public utility," the court held that the question to try was whether the highway proposed to be vacated was of public utility. It is evident that the court erred in refusing to instruct the jury as requested in said instruction.

Other grounds for reversal are urged by appellants, but there is a contention as to whether the same are presented by the record, and as they may not arise on another trial, they are not considered.

Judgment reversed, with instructions to sustain appellants' motion for a new trial, and for further proceedings not inconsistent with this opinion.