## LINDLEY *v.* SINK

[No. 27,492.   Filed December 16, 1940.]

2

4

W. *Paul Stratton* and *Charles D. Hunt*, both of Sullivan; and *Fenton, Steers, Beasley & Klee*, of Indianapolis, for appellant.

*Charles H. Bedwell*, of Sullivan; and *George W. Wells*, of Terre Haute, for appellee.

SWAIM, C. J.—This was an action for damages for the wrongful death of Cora Skidmore, resulting from injuries received by her in an accident which occurred while she was a passenger in an automobile driven by her husband, and which accident was alleged to have been caused by the negligence of the appellant, the driver of the automobile which collided with the automobile in which the decedent was riding. The action was brought by Oliver C. Sink, as administrator of the estate of said decedent, for the benefit of her surviving husband and children.

The trial resulted in a verdict and judgment in favor of appellee for $4,000.00. The appellant assigned as error the action of the court in overruling (1) appellant's motion to strike out parts of appellee's complaint, (2) appellant's motion to make the complaint more specific, (3) appellant's demurrer to appellee's complaint and (4) appellant's motion for a new trial.

The first assigned error discussed by the appellant is the alleged error of the court in overruling a motion to strike out parts of the complaint. It has been uniformly held by this court that the action of the court in overruling a motion to strike out a part or all of a pleading does not constitute reversible error even though such action be erroneous. *Butt* v. *Iffert* (1909), 171 Ind. 554, 555, 86 N. E. 961.

The second alleged error presented by appellant is the action of the court in overruling appellant's petition to make the complaint more specific. The motion to make more specific was apparently for the purpose of requiring the plaintiff (appellee) to state facts showing that plaintiff's decedent was not guilty of contributory negligence. By § 2-1025, Burns' 1933, § 129, Baldwin's 1934, the plaintiff in this case was expressly excused from alleging "the want of contributory negligence . . . on the part of the person for whose . . . death the action" was brought. Since it was not necessary to allege the want of contributory negligence, the plaintiff could not be required to allege facts showing the want of such contributory negligence. *Southern Indiana R. Co.* v. *Peyton* (1902), 157 Ind. 690, 694, 61 N. E. 722. The motion to make the complaint more specific was properly overruled.

Appellant also contends that the action of the court in overruling the demurrer to the complaint constituted reversible error for the reason that, (a) the averments of the complaint did not affirmatively show that the defendant was guilty of negligence, (b) it did not affirmatively show that the decedent's own negligence did not proximately contribute to her injury, and (c) the allegations of the complaint showed that plaintiff's decedent was guilty of contributory negligence.

The complaint charged that the defendant "negligently and carelessly drove" the automobile he was driving into and against the automobile in which plaintiff's decedent was riding, and thereby caused the injuries which resulted in her death. This court has many times reaffirmed the rule that a general allegation of negligence in a complaint is sufficient to withstand a demurrer for insufficiency of

facts unless the specific facts pleaded contradict such general allegation. *Citizens Street R. Co.* v. *Jolly* (1903), 161 Ind. 80, 85, 67 N. E. 935. In the instant case the complaint alleged no facts concerning the conduct of the defendant which were inconsistent with the general allegation of negligence. As hereinbefore shown it was not necessary that the complaint negative contributory negligence on the part of the plaintiff's decedent. § 2-1025, Burns' 1933, § 129, Baldwin's 1934. It necessarily follows that the failure to negative such contributory negligence did not make the complaint demurrable.

While it is true that, under our present law (§ 2-1025, Burns' 1933, § 129, Baldwin's 1934) the defendant has the burden of proving contributory negligence, ██ a complaint may be subject to demurrer if the averments thereof affirmatively show such contributory negligence. This result follows, however, only where the facts averred are not reasonably subject to any inference other than that of contributory negligence. *National, etc., Vehicle Co.* v. *Kellum* (1915), 184 Ind. 457, 464, 109 N. E. 196; *Greenavaldt* v. *Lake Shore, etc., R. Co.* (1905), 165 Ind. 219, 223, 74 N. E. 1081. The complaint herein does not so show contributory negligence.

Appellant assigned as error the action of the court in overruling his motion for a new trial and thereunder asserts that the verdict of the jury is not sustained by sufficient evidence and is contrary to law; that the court erred in giving and in refusing to give, certain instructions and in the admission and rejection of certain evidence.

The appellant contends that the evidence as a whole not only does not show that the appellant was guilty

of negligence, but that it affirmatively shows that appellee's decedent was guilty of contributory negligence. Considering only the evidence most favorable to appellee, we find evidence from which the jury could find the following facts: The accident occurred about one mile south of the city of Sullivan at the junction of state highway number 54 with United States highway number 41. Both roads are now, and were at the time of the accident, much traveled. At the point of junction, highway number 41 extends north and south and highway number 54 extends east from number 41 forming a "T" junction. Highway number 41 is paved with brick approximately twenty feet wide. The pavement of highway number 54 is of concrete 18 feet wide up to a point 130 feet east of number 41, from which point west the concrete curves out on each side of number 54 forming a fanshape junction with number 41, the concrete being approximately 250 feet wide along the east edge of number 41. Each highway has a black center line, the center line of number 54 extending to the east edge of the brick of number 41. A stop sign for the traffic on number 54 was located on the north side of number 54 about 150 feet east of number 41.

On the night of the accident Alonzo Skidmore, the husband of decedent, accompanied by the decedent and their daughter, was driving west toward number 41 on highway number 54. As he approached number 41 he brought his automobile to a stop near the center line of number 54 and about six or eight feet east of the east edge of the pavement of number 41. In so stopping his automobile he "killed" the engine and, because of a broken starter, it could not be started again without cranking.

After the Skidmore automobile came to a stop two automobiles passed going south on number 41 and then the decedent said, "There comes a car from the south. It's taking all the road. It looks like it is going to hit us." After this was said, and before the Skidmore automobile could be started, it was struck by the automobile coming from the south which was being driven by the appellant.

South of the junction of the two highways there is a bridge 95 feet long on highway number 41. The bridge is 348 feet south from the center line of highway number 54. Appellant driving north along number 41, at a speed according to his testimony, of not over sixty miles an hour realized that the Skidmore automobile was approaching the junction of the two roads when he, the appellant, was at the south edge of the bridge. The appellant's automobile was fitted with four-wheel brakes which were in good condition and appellant started to apply the brakes as soon as he saw the Skidmore automobile. After the appellant's automobile crossed the bridge it veered to the west and crossed the center line of number 41, then back to the right of said center line, then at least partially off of the brick pavement of number 41 and finally struck the Skidmore automobile which was standing still about six or eight feet east of the brick pavement of number 41 and approximately in the center of number 54.

According to appellant's testimony he started applying the brakes of his automobile approximately 400 feet from the point of collision. When he came within sixty or sixty-five feet of the Skidmore automobile he applied the brakes so hard that the tires left skid marks on the pavement from that point to the point of collision. In spite of these efforts by the appellant to stop

his automobile the force of the collision was so great as to practically demolish both automobiles. The front end of the appellant's automobile was mashed in; the steering wheel was pushed up and through the windshield; the motor was pushed back into the body of the automobile, and the crankcase was bursted. The Skidmore automobile was turned over; the frame was bent in an elbow shape, and the front wheels were shoved back under the frame; the rear end of the motor was shoved to the right of the automobile; the front end pushed around to the left and the drive shaft was bent in an angle. The physical facts surrounding this accident would seem to indicate, rather conclusively, that the appellant was driving much faster than sixty miles per hour as he approached this much-used junction and would certainly justify the jury in finding that he was negligent in the operation of his automobile. The evidence discloses no facts from which we could say as a matter of law that the appellee's decedent was guilty of contributory negligence.

By instruction number 19, given by the court on its own motion, the jury was told if they found that the appellant was guilty of negligence, as alleged in the complaint; that the husband of appellee's decedent, who was driving the automobile in which decedent was riding, was also guilty of negligence; that the combined negligence of the appellant and said husband were the proximate cause of the decedent's injury and death and that the decedent herself was free from negligence, it would be the duty of the jury to find for the appellee.

The appellant insists that the giving of this instruction is erroneous for the reason that the husband is one of the beneficiaries who would be entitled to share in the proceeds of any sum recovered in this action and

there can, therefore, be no recovery by the appellee, as administrator, if the negligence of said husband contributed to the injury and death of the decedent.

This question has never been passed upon by this court and a search of the decisions of the courts of other states show a great divergence of opinions.

The decisions in some of the other states are explained by the peculiar form of the death statutes in such states. Some of the courts have held that their death statutes provide for the survival of the action of the injured person; that the claim becomes an asset of the decedent's estate; and that the action is brought for the benefit of the estate. Under such statutes a recovery for the full amount of damages proved is allowed regardless of the contributory negligence on the part of one beneficiary. This is on the theory that since the action, if it had been prosecuted by the injured person in his lifetime, would not have been affected by the negligence of a third person, such negligence should not affect such action when brought for the benefit of the estate, even though some person, whose negligence contributed to the injury, may benefit indirectly by sharing in the proceeds of the action. *Wymore* v. *Mahaska County* (1899), 78 Iowa 396, 43 N. W. 264; *Wilmot* v. *McPadden* (1905), 78 Conn. 276, 61 A. 1069; *Love* v. *Detroit, etc., Ry. Co.* (1912), 170 Mich. 1, 135 N. W. 963; *Nashville Lumber Company* v. *Busbee* (1911), 100 Ark. 76, 139 S. W. 301, 38 L. N. S. 754.

The death statute in Massachusetts provides that the amount of recovery be fixed by the degree of culpability of the defendant. *O'Connor* v. *Benson Coal Co.* (1938), 301 Mass. 145, 16 N. E. (2d) 636. In *Southern Railway Co.* v. *Shipp, Administrator* (1910), 169 Ala. 327, 53 So. 150, the Supreme Court of Alabama held that the damages recoverable under the death statute of that

state were "entirely punitive." Where, as in Massachusetts and Alabama, recovery against the defendant is permitted as punishment for the defendant's negligence, the fact that a beneficiary contributed to the injury is, of course, neither a bar to the action nor a factor to be considered by the court in determining the amount of the recovery.

However, even in states where the death statutes are similar to the statute in this state, the decisions of the courts, on the effect of the contributory negligence of one beneficiary, are not uniform. Our statute provides that "When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she (as the case may be) lived, against the latter for an injury for the same act or omission. . . . The damages can not exceed ten thousand dollars ($10,000), and, subject only to the provisions of this act hereinafter contained, must inure to the exclusive benefit of the widow or widower (as the case may be) and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased; . . ." Section 2-404, Burns' 1933, § 51, Baldwin's 1934. Some of the courts have held, under similar statutes, that the only bar to such an action is such matter as would have barred the action if brought by the injured person prior to his death; that such a statute, by stating the one condition to such action, has abolished the defense of contributory negligence, so far as the negligence of one of the beneficiaries is concerned. *McKay* v. *Syracuse R. T. Ry. Co.* (1913), 208 N. Y. 359, 101 N. E. 885; *Danforth* v. *Emmons* (1913), 124 Me. 156, 126 A. 821; *Watson* v. *Southern Ry.* (1902), 66 S. C. 47, 44 S. E. 375. Under such an

interpretation the contributory negligence of a beneficiary is neither permitted to bar the action nor to affect the amount of the recovery.

On the other hand, the Supreme Court of Illinois has held that, where such statute provides for a single assessment of damages in a gross amount, the contributory negligence of one of the beneficiaries is a bar to the entire action. *Hazel* v. *Hoopeston-Danville Motor Bus Co.* (1923), 310 Ill. 38, 141 N. E. 392, 30 A. L. R. 491. This decision was on the theory that the statute, which provided for "fair and just compensation," must be interpreted with the rule of the common law, which, from a very early day, has denied recovery, as unjust, to a party whose negligence has contributed to the accident causing the injury for which he demands damages; that, therefore, there can be no recovery for a beneficiary, whose negligence has contributed to the injury and death and since the action is entirely statutory and is a single cause of action, providing for a single assessment of damages in a gross amount, there can be no separation of the damages to be assessed by the jury, and the negligence of one beneficiary must defeat the entire action.

At common law an action for negligence resulting in an injury to a person did not survive the death of the injured person. The action which is given in this state under § 2-404, Burns' 1933, § 51, Baldwin's 1934, is a new action based solely on the right created by statute and is not the right of the decedent which survives to the named beneficiaries. *City of Indianapolis* v. *Willis, Administrator* (1935), 208 Ind. 607, 613, 194 N. E. 343. The action is given to afford compensation for those who have sustained pecuniary loss by the death. *Louisville, New Albany and Chicago Ry. Co.* v. *Goodykoontz*

(1888), 119 Ind. 111, 113, 21 N. E. 472; *Consolidated Stone Co.* v. *Staggs* (1905), 164 Ind. 331, 335, 73 N. E. 695. An action under this statute is based on a single wrong and is a single action. *Hecht* v. *Ohio and Mississippi Railroad Company* (1892), 132 Ind. 507, 32 N. E. 302.

Even though the courts of this state have held that such an action is a single action, based on a single wrong; that separate beneficiaries may not maintain separate actions; and that the sum recoverable is assessed as one gross sum, we cannot agree with the contention of the appellant that the contributory negligence of one beneficiary should defeat the entire action and thereby deprive the innocent beneficiaries of the compensation which is provided for by the statute. We know of no principle of law which, makes it necessary to hold that the negligence of one beneficiary defeats the recovery for the benefit of beneficiaries who are innocent of any negligence. Here the negligence, if any, of the father should not be imputed to the children. There was no partnership nor community of interest between them. Each of the beneficiaries has an individual interest in the damages recoverable under the statute. Such individual interest cannot be affected by the independent action of one of the other beneficiaries. This court has held that one beneficiary cannot prejudice the rights of the others by making a settlement of the claim. *Pittsburgh, etc., Ry. Co.* v. *Hosea* (1899), 152 Ind. 412, 53 N. E. 419. There it was held that the widow who had accepted death benefits of $1,000.00 from the voluntary relief department of the railway company by which her husband had been employed and in consideration therefor had released the company from liability for causing the husband's death, might maintain an action, in her repre-

sentative capacity, against the company for the benefit of the child and for herself as widow. It was held that the defendant's answer setting up the release as a bar to the whole action, was demurrable; that her release in no way affected the rights of the decedent's child; and that the widow could release only what she individually was entitled to.

In holding that the negligence of one beneficiary does not defeat the rights of the other beneficiaries we are supported not only by reason, but also by the majority of the cases from other states having statutes similar to the death statute of this state. *Kokesh* v. *Price* (1917), 136 Minn. 304, 161 N. W. 715; *Nosser* v. *Nosser* (1931), 161 Miss. 636, 137 So. 491; *Anderson* v. *Memphis St. Ry. Co.* (1920), 143 Tenn. 216, 227 S. W. 39; *Phillips* v. *Denver Co.* (1912), 53 Colo. 458, 128 P. 460; *Danforth* v. *Emmons* (1924), 124 Me. 156, 126 A. 821.

In American Jurisprudence and in the Restatement of the Law of Torts it is stated as the general rule that the contributory negligence of one beneficiary of an action for wrongful death is not available as a defense against other beneficiaries who are not guilty of such negligence. 16 Amer. Jur. § 133, p. 90, § 493 Restatement Law of Torts. See also 23 A. L. R. 648 ann. and 17 C. J. § 93, p. 1245.

We do not pass upon the question of whether the contributory negligence of one beneficiary should reduce the total amount of recovery by the amount which, under the statute, would be distributed to such beneficiary. This question has not been presented by the appellant in this court. Said instruction number 19 only told the jury that the negligence of the one beneficiary did not bar the entire action; that the administrator should recover even though one

beneficiary had been guilty of negligence which proximately contributed to the injury. This instruction did not purport to cover the amount of the recovery. Appellant has presented no question on instruction number 32, given by the court on its own motion, on the question of the amount of damages.

Instruction number 25, tendered by the appellant and which the court refused to give, told the jury that

"there can be no recovery of any damages in ▪ this action that would inure to the benefit of said Alonzo Skidmore" in the event he was found

guilty of negligence which helped to bring about the injury. The appellant's brief interpreted this instruction as telling the jury that since the statute provides that a portion of the damages shall inure to the benefit of the husband of the decedent, contributory negligence on his part would constitute a complete defense to the action. The appellant has thus seen fit to stand or fall on the contention that the contributory negligence of one of the beneficiaries is a bar to the entire action. With this contention we cannot agree.

This instruction was also erroneous in failing to limit the negligence, which would serve as a bar to the action, to negligence which proximately contributed to the injury.

The appellant also earnestly insists that the court erred in refusing to give instruction number 15 requested by the appellant, which instruction was as follows:

"If you find that decedent, by the exercise of due care on her part, could have discovered the approach of defendant's automobile, and thereafter by the exercise of reasonable care could have warned the driver of the vehicle in which she was riding of the approach of defendant's automobile

and thereby enabled such driver to avoid collision by the exercise of due care; and if you further find that decedent negligently failed to discover defendant's automobile and negligently failed to give timely warning of its approach and that such negligence on the part of said decedent helped to bring about her injuries, then plaintiff cannot recover and your verdict should be in favor of the defendant."

The appellant contends that this instruction dealing with his theory of defense in specific terms should have been given by the court. The purpose of all instructions is to inform the jury as to the law applicable to the facts of the particular case. In this case the court informed the jury in general terms on the question of contributory negligence on the part of the decedent. It is our opinion that instruction number 15 tendered by the appellant would tend to confuse, rather than to further enlighten, the jury on the law applicable to the facts presented by this case. Here the decedent was only a passenger in the automobile being driven by her husband. While it is true that a passenger is always under the duty to use reasonable care to avoid injury to himself (*Union Traction Co.* v. *Gaunt* [1922], 193 Ind. 109, 116, 135 N. E. 486), it is ordinarily a question of fact as to whether under the circumstances of the particular case he has used such reasonable care. The question only becomes a question of law when the facts are such that reasonable men could honestly draw but one conclusion therefrom. Ordinarily a passenger in an automobile, having no control over the management of the automobile, may rely upon the assumption that the driver will exercise proper care and caution, and, therefore, under the facts and circumstances of the particular case the passenger may be exercising reasonable care for his safety although not keeping a lookout for other cars approach-

ing. "At precisely what point the duty arises to change from passive reliance to active protest is largely a factual question to be properly decided by the jury upon the basis of the available facts and circumstances." 5 Amer. Jur. § 476, p. 770. In some cases of sudden emergencies it may be that the facts and circumstances would require that the passenger remain passive and say nothing.

The language of said instruction number 15 carries the implication that the decedent as a matter of law was required to maintain a lookout for other automobiles and if seen to warn the driver of the automobile in which she was riding of their approach. This is not a correct statement of the law. She was only required to see appellant's automobile, realize the danger and warn her husband thereof if a reasonably careful and prudent person under the same or similar circumstances would have seen the automobile, realized the danger and given warning thereof.

This instruction also failed to limit negligence which would bar the action, to negligence which proximately contributed to the injury.

Even if this instruction had correctly stated the law, there was no evidence to show that it was applicable to the facts of this case. The only testimony as to the conduct of the decedent was from the husband and daughter, both of whom testified that the decedent did see appellant's automobile and did warn the husband of its approach. The husband also testified that he first saw it approaching when it was a little south of the bridge. Since there was no evidence tending to show that she failed to discover the approach of the appellant's automobile or failed to warn her husband, it was not error to refuse to give the instruction.

We are of the opinion that the instructions given by the court fully and fairly cover the law applicable to the case and that the court did not commit error in refusing to give the instructions tendered by the appellant.

On the action of the court in the exclusion and admission of certain evidence relating to the alleged negligence of decedent's husband the appellant again insists that such negligence should serve as a complete bar to the action. This same proposition having been disposed of in relation to the instructions need not be further discussed.

Finding no reversible error the judgment is affirmed.

NOTE.—Reported in 30 N. E. (2d) 456.