**Faaron HUNTER, Appellant–Respondent,**

v.

**Phyllis HOLLARS and Buster Hollars–Co–Administrators of the Estate of Bonita Hollars, Appellee–Petitioner.**

**No. 18A02–9011–CV–666.**

Court of Appeals of Indiana, Second District.

June 25, 1991.

Darrel K. Peckinpaugh, Muncie, for appellant-repondent.

Thomas L. Deweese, Muncie, for appellee-petitioner.

SHIELDS, Judge.

Faaron Hunter appeals the trial court's judgment denying him a portion of the proceeds of his wife's wrongful death action.

We reverse.

Hunter's wife, Bonita Hollars, died intestate. When Bonita died, Hunter was incarcerated and Phyllis and Buster Hollars, Bonita's parents, were appointed co-guardians of Bonita's minor children. The Hollars were also appointed co-administrators of Bonita's estate. A wrongful death action brought on Bonita's behalf provided a $51,000 settlement. The co-administrators filed a petition to pay funeral and burial expenses and attorney fees and to distribute the remainder of the recovery to them as co-guardians. The trial court granted the petition following a hearing. Hunter appeals.

Hunter correctly argues the trial court erred in failing to distribute the proceeds as directed by IC 34–1–1–2 (1988). This statute provides that any damages remaining after the payment of medical, hospital, funeral, and burial expenses shall inure to the benefit of the widow or widower and to

the dependent children and *shall be distributed* in the same manner *as the personal property of the deceased.*

■ The trial court erred in denying Hunter a portion of the proceeds based on its determination Hunter did not have a pecuniary interest in Bonita's estate. The issue of pecuniary loss is relevant only as to the *recovery* from the tort-feasor and not as to the *distribution* of the amount recovered.[1] *See Northern Indiana Power Co. v. West* (1941), 218 Ind. 321, 32 N.E.2d 713 (damages are not apportioned among those entitled to participate therein, but are assessed in gross and distributed in the same manner as the personal estate of the decedent). The latter issue, distribution of the remainder of the recovery after the payment of the statutorily enumerated expenses, has been determined by a legislative mandate—it is to be distributed in the same manner as the decedent's personal property. Here, Bonita died intestate. Therefore, all sums remaining after payment of the statutory expenses shall be distributed to Hunter and to the Hollars as co-guardians of the minor children under the rules of intestate succession.

Judgment reversed and cause remanded for further proceedings.

STATON and SULLIVAN, JJ., CONCUR.

---

**1.** The Hollars cite several cases in support of their argument Hunter should not recover a portion of the proceeds because, according to the Hollars, Hunter does not have a pecuniary interest in Bonita's estate. However, the cited cases do not hold a surviving spouse must have a pecuniary interest to share in the proceeds. *Kirkpatrick v. Bowyer* (1960), 131 Ind.App. 86, 169 N.E.2d 409 involved the issue of the proof required to establish dependency by adult children in an action for the wrongful death of their mother; *Hahn v. Moore* (1956), 127 Ind.App. 149, 133 N.E.2d 900 concerns an action under the parent action statute, IC 34–1–1–8; *New York Central R. v. Johnson* (1955), 234 Ind. 457, 127 N.E.2d 603 involved the issue of the proof required to establish dependency by next-of-kin (alleged dependent parent) in an action for the wrongful death of an adult child; *Lindley v. Sink* (1940), 218 Ind. 1, 30 N.E.2d 456 involved the issue whether in an action for wrongful death the negligence of one beneficiary defeats the recovery for the benefit of the other beneficiaries; *Indianapolis and Cincinnati Traction Company v. Thompson* (1922), 81 Ind.App. 498, 134 N.E. 514 held a surviving husband was not a beneficiary within the scheme of distribution of the wrongful death statute because a statute, § 3036 Burns 1914, § 2498 R.S. 1881, provided, "If a husband shall abandon his wife without just cause, failing to make suitable provision for her, or for his children, if any, by her, he shall take no part of her estate"; and *Pennsylvania Company v. Reesor* (1915), 60 Ind.App. 636, 108 N.E. 983 involved an issue of dependent next-of-kin, specifically the decedent's parents and siblings.