Alwin HANDROW and Eleanor
I. Handrow, Appellants
(Plaintiffs Below),

v.

Clifford W. COX, Newton Transportation Co., Inc., and State of Indiana, Appellees (Defendants Below).

No. 12S04–9106–CV–495.

Supreme Court of Indiana.

June 28, 1991.

Maxwell Gray, Richard S. Pitts, Lowe Gray Steele & Hoffman, Indianapolis, for appellants.

Charles R. Vaughan, Kelly Vaughan Busch, Vaughan and Vaughan, Lafayette, for appellees.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

Plaintiff–Appellants Alwin and Eleanor Handrow ("Handrows") petition this Court for transfer from the Court of Appeals, which affirmed a trial court judgment entered on a jury verdict in favor of the Defendant, Newton Transportation Co., Inc. ("Newton"). *Handrow v. Cox* (1990), Ind.App., 553 N.E.2d 852. The issues raised by the petition concern the trial court's refusal of the plaintiffs' tendered instructions regarding Eleanor Handrow's duties as a passenger and imputing the driver's negligence to the passenger.

The facts supporting the jury verdict reveal that Clifford Cox ("Cox") was driving a tractor-trailer for Newton on December 5, 1985, traveling south on Interstate–65. The precipitation and freezing temperatures created hazardous driving conditions that day. Cox came upon a bridge in Boone County, lost control of his vehicle, and came to rest on the bridge, blocking both southbound lanes of I–65. Alwin Handrow was also driving south on I–65

with his wife riding in the passenger seat. Approaching the same bridge, Alwin could not stop his car in time and he collided with the truck. Both Alwin and Eleanor were seriously injured.

■ The Handrows filed suit in Boone County against Cox, Newton, and the State of Indiana. Ultimately, the case was venued to Clinton County where the trial court granted the State's motion for summary judgment based on statutory immunity and ordered the State to be considered a non-party pursuant to Indiana's comparative fault law, IND.CODE §§ 34-4-33-1 to 34-4-33-13.[1] At trial, Cox was dismissed as a defendant, leaving Newton as the sole remaining defendant. After presentation of the evidence, the Handrows submitted the following jury instructions which were refused by the trial court:

### PLAINTIFFS' FINAL INSTRUCTION NO. 2

Absent agency, joint venture, right of control or some recognized unity of interest negligence of operator of motor vehicle is not imputed to his passenger.

### PLAINTIFFS' FINAL INSTRUCTION NO. 3

Passive passenger who exercised no right of control over the driver could not properly have any negligence on behalf of the driver imputed to her.

### PLAINTIFFS' FINAL INSTRUCTION NO. 32

You are instructed that there was no probative evidence of a joint venture of the Plaintiffs and there was no probative evidence that Alwin Handrow was under the direction or control of the guest passenger, Eleanor Handrow. Therefore, the contributory negligence of Alwin Handrow, if any, cannot be imputed or assessed against Eleanor Handrow's claim.

### PLAINTIFFS' FINAL INSTRUCTION NO. 35

A passenger has no duty to keep a lookout. A passenger's only duty is to warn of an impending danger if he or she observes that the driver is not aware of it.

### PLAINTIFFS' FINAL INSTRUCTION NO. 36

You are instructed that where an occupant of a vehicle has no control or authority over the driver, the contributory negligence of the driver cannot be imputed to the occupant. Accordingly, the contributory negligence of the driver of an automobile or other motor vehicle may not be imputed to an occupant where such occupant exercises no control over the driver, as where the occupant is a gratuitious passenger or guest in the vehicle.

The jury returned a verdict in favor of Newton and attributed fault as follows: Alwin Handrow seventy per cent (70%); Newton thirty per cent (30%); and the State zero per cent (0%).

The Court of Appeals affirmed, holding that the Handrows waived error regarding the trial court's refusal of the above tendered instructions because they did not tender a verdict form which considered Alwin's and Eleanor's claims separately, and because other instructions already instructed the jury that Alwin and Eleanor had separate and distinct rights. *Handrow*, 553 N.E.2d at 856-57. We disagree and hold that, under existing standards, the trial court erred in refusing to read the Handrows' tendered instructions 2, 3, 32, 35, and 36.

■ In determining whether it was error to refuse the tendered instructions, we consider (1) whether the tendered instruction correctly states the law, (2) whether there is evidence in the record to support giving the instruction, and (3) whether the sub-

---

1. In *Bowles v. Tatom* (1988), Ind., 546 N.E.2d 1188, we held that a dismissed party was not a "non-party" as defined in the comparative fault statute. Thus, it was error to consider the dis- missed State of Indiana as a non-party. This error, however, was harmless because the jury assessed zero per cent fault to the State.

stance of the instruction is covered by other instructions which were given. *Picadilly, Inc. v. Colvin* (1988), Ind., 519 N.E.2d 1217, 1219. The tendered instruction met this tripartite test.

■ 1. *The tendered instructions correctly stated the law.* One proposition set forth by the instructions is that, absent agency, joint venture, right of control or unity of interest, the negligence or contributory negligence of a driver of a vehicle may not be imputed to the passenger. This Court has previously held that a passenger, having no control over the management of a vehicle, cannot have the driver's negligence imputed to him or her. *Keeshin Motor Express Co. v. Glassman* (1942), 219 Ind. 538, 548–52, 38 N.E.2d 847, 851–52; *Lindley v. Sink* (1940), 218 Ind. 1, 18–19, 30 N.E.2d 456, 462; *Swanson v. Slagal* (1937), 212 Ind. 394, 410–11, 8 N.E.2d 993, 1000. *See also, Ind. State Highway Comm'n. v. Speidel* (1979), 181 Ind.App. 448, 457, 392 N.E.2d 1172, 1178. The second legal proposition posited by the tendered instructions is that a passenger does not have a duty to keep a constant lookout for dangers on the highway and that a passenger need only warn of impending danger if he or she observes that the driver is unaware of the observed danger. Prior case law supports this statement. *Lindley,* 218 Ind. at 18, 30 N.E.2d at 462 ("Ordinarily a passenger in an automobile, having no control over the management of the automobile, may rely upon the assumption that the driver will exercise proper care...."). Thus, both legal propositions identified by the proposed instructions are correct legal propositions.

2. *The evidence in the record supports the tendered instructions.* Eleanor testified that she does not tell her husband how to drive. The evidence does not show that she exercised any control over the operation and management of the auto. Nor is there any evidence to show she was contributorily negligent in failing to warn Alwin of Newton's truck blocking the highway.

3. *The tendered instructions were not covered by other instructions which were*

*given.* Newton contends, and the Court of Appeals agreed, that instructions 16 and 17 were adequate to inform the jury of the law on these issues and, thus, obviated the necessity to give plaintiff's proposed instructions. The two instructions stated that Alwin and Eleanor had separate, distinct claims and that the recovery of damages to which each is entitled should be determined separately. These instructions did not sufficiently cover the points raised by the Handrows. Neither provided a basis upon which to separately determine Eleanor's duties as a passive passenger and, consequently, whether she was negligent in failing to comply with those duties.

Finally, Eleanor Handrow was prejudiced by this error. The jury may have found against Eleanor by imputing Alwin's negligence to her or misunderstanding the nature of Eleanor's duty. Therefore, absent waiver, Eleanor is entitled to a new trial in which these instructions should be given.

■ The Court of Appeals found that the error in refusing the plaintiffs' tendered instructions was waived because the plaintiffs failed to tender a corresponding jury verdict form or to object to the verdict form given. *Handrow,* 553 N.E.2d at 856. We agree with Judge Miller who stated, in his dissent, that tendering a different verdict form would have been futile, because without the plaintiffs' instructions, the jury had no basis on which to separate Alwin's negligence from Eleanor's negligence. *Id.* at 859 (Miller, J., dissenting). Therefore, the Handrows did not waive review of the verdict resulting from the incomplete instructions. Eleanor is entitled to a new trial.

The decision of the Court of Appeals is vacated and this cause is remanded for a new trial with respect to the claim of Eleanor Handrow.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.