**Dean HUBER, Plaintiff,**

**v.**

**Howard HENLEY, Carpet Center Leasing Company, Inc., Blue Ridge Mountain Contract Carriers, Inc., Trans American Trucking Service, Inc. National Starch and Chemical Corp., Defendants.**

**No. NA 86–112–C.**

United States District Court,
S.D. Indiana,
New Albany Division.

March 20, 1987.

Richard A. Bierly, Wyatt, Tarrant, Combs & Orbison, New Albany, Ind., for plaintiff.

David W. Crumbo, Donald L. Miller, II, Brown Todd & Heyburn, New Albany, Ind., for defendants Henley, Carpet Center Leasing Co., Inc., Blue Ridge Mountain Contract Carriers, Inc.

Frank A. Nelson, George R. Carter, Boehl, Stopher, Graves & Deindoerfer, New Albany, Ind., for defendant Nat. Starch and Chemical Corp.

Brent R. Weil, Kightlinger & Gray, Evansville, Ind., for defendant Trans American Trucking Service, Inc.

### ENTRY

BARKER, District Judge.

This matter is before the court on the motion of one of the defendants, National Starch and Chemical Corporation ("National Starch"), for leave to file an amended answer. For the reasons set forth below, leave to amend is GRANTED.

*Memorandum*
*Background of Lawsuit*

On April 30, 1986, the plaintiff, Dean L. Huber, filed his complaint against National Starch and four other defendants for injuries he sustained in a highway accident that occurred on December 3, 1985. National Starch, after receiving one enlargement of time, filed its answer and a crossclaim on June 19, 1986. In pursuit of discovery, on August 1, 1986, National Starch requested of one of the other defendants production of the truck trailer involved in the accident. This request was resisted, and on September 2, this court ordered the preservation of evidence (the trailer) of which National Starch sought discovery.

On February 2, 1987, the plaintiff moved for leave to amend its complaint, primarily for the purpose of clarifying its claim agaiht defendant TransAmerica Trucking Service, Inc. The court granted leave on February 24, 1987, and the amended complaint was filed on February 26, 1987. National Starch had already filed an answer to the amended complaint on February 10, 1987, primarily adopting its answer to the original complaint.

Shortly after the time of its answer to the amended complaint, National Starch inspected the truck trailer and the accident site. As a result of the preliminary findings of its expert who conducted the investigation on February 20, 1987, National Starch asserts that the injuries and damages to the plaintiff resulted from the negligence of the other named defendants *and* from the negligence of the Indiana Department of Highways in the maintenance of the highway and the highway shoulder. National Starch therefore seeks to amend its answer to assert the negligence of a nonparty, the Indiana Department of Highways.

*Analysis*

■ With the advent of Indiana's Comparative Fault Act, Ind.Code §§ 34–4–33–1 to –14, the fault of one who is not a party to the action is to be apportioned by the jury along with the relative fault of the named defendants. *Id.* § 5. Therefore, any damages sustained by the plaintiff will be diminished, not only in proportion to his own fault, but also in proportion to the fault attributed to any nonparties.

Given the potential for abuse by defendants who might delay in identifying a nonparty to the obvious prejudice of plaintiffs, the Indiana legislature set out time limitations for assertion of the nonparty defense in section ten of the Act:

(c) A nonparty defense that is known by the defendant when he files his first answer shall be pleaded as a part of the first answer. A defendant who gains actual knowledge of a nonparty defense after the filing of an answer may plead the defense with reasonable promptness. However, if the defendant was served with a complaint and summons more than one hundred fifty [150] days before the expiration of the limitation of action applicable to the claimant's claim against the nonparty, the defendant shall plead any nonparty defense not later than forty-five [45] days before the expiration of that limitation of action. The trial court may alter these time limitations or make other suitable time limitations in any manner that is consistent with:

(1) Giving the defendant a reasonable opportunity to discover the existence of a nonparty defense; and

(2) Giving the claimant a reasonable opportunity to add the nonparty as an additional defendant to the action before the expiration of the period of limitation applicable to the claim.

In this way, plaintiffs will usually have an opportunity to add the nonparty as a party defendant in order to preserve the right to recover against it under the Act.

The problem in this case, if not readily apparent, is as follows: A condition precedent to bringing an action against a state governmental entity, such as the Department of Highways, is the filing, within 180 days of the action complained of, of special tort claims notice as prescribed by statute. Ind.Code §§ 34–4–16.5–1 to –20. Failure to do so results in forfeiture of the right to sue. This time period expired shortly after the plaintiff's complaint was filed. Therefore, if National Starch is allowed to plead the Department of Highways as a nonparty, the plaintiff will be precluded from adding it as a party defendant and will be unable to recover the amount of damages, if any, apportioned to the state pursuant to section five of the Act.

To decide whether National Starch will be given leave to amend its answer in this way, the court must first determine if, in this case, the state can be a "nonparty" as that term is defined by section 2(a) of the Act. If so, then the court must next determine whether the assertion of the nonparty defense is timely as required by section ten of the Act.

As defined in section 2(a),

"Nonparty" means a person who is, or may be, liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a defendant by the claimant. A nonparty shall not include the employer of the claimant.

This definition of "nonparty" was added as an amendment to the Act in 1984. As originally enacted, the Act called for the jury to attribute fault not only to the plaintiff and defendant, but to "any person who is not a party to the litigation." Ind.Code § 34–4–33–5(b)(1) (Supp.1983) (amended 1984). This provision shifted the entire burden of unrecoverability (with the abolition of joint and several liability) to the plaintiff. For example, if a jury attributed fault to a person who was immune from suit, the plaintiff simply could not recover the percentage of damages so attributed. The 1984 amendment ameliorated this result somewhat by specifying that a nonparty to whom a jury may attribute fault must be a "person who is, or may be liable to the claimant." A tortfeasor, then, who enjoys a traditional immunity from suit is not a "person who is or may be liable to the claimant" and cannot, therefore, be a nonparty. *See generally* Eilbacher, *Comparative Fault and the Nonparty Tortfeasor*, 17 Ind.L.Rev. 903, 916 (1984).

■ The issue presented at this juncture is whether a state governmental entity which is immune from suit by virtue of the expiration of the tort claims notice period is an immune tortfeasor intended by the legislature to be outside the definition of "nonparty."

For a number of reasons, this court concludes that the Indiana Department of Highways falls within section 2(a)'s definition of "nonparty." First, the provisions of Indiana's Comparative Fault Act signal a legislative policy favoring the principle of fair allocation among all tortfeasors. In most instances, the legislature gave this principle preeminence over the objective of fully compensating plaintiffs. In return for the removal of the contributory negligence bar to recovery, plaintiffs lost the ability to recover the full measure of damages from any one joint tortfeasor. With this abolition of joint and several liability, the legislature favored strict apportionment of fault and left the burden of damages attributable to insolvent tortfeasors, inadvertently omitted tortfeasors, intentionally omitted tortfeasors, and jurisdictionally unavailable tortfeasors on plaintiffs. Any interpretation of legislative intent must therefore be made with a cognizance of this policy, leading the court to conclude that the legislature did not intend to except state entities from the definition of nonparty merely because the tort claims notice period has expired.[1]

Second, a governmental entity is not in most instances[2] immune from suit so long as the condition precedent of tort claims notice has been performed. In other words, the state has abrogated its traditional sovereign immunity to that extent, and the state generally can be liable to a claimant.

■ A reasonable interpretation of the phrase, "a person who is, or may be, liable to the claimant" is one against whom the plaintiff would have had a right to relief. A judge acting within her official capacity would, for example, be outside this definition because against her a claimant would have no right to relief. A state official performing a discretionary function likewise cannot be held liable for errors, mistakes of judgment, or unwise decisions made in the exercise of that discretion. *See, e.g., Foster v. Pearcy,* 270 Ind. 533, 387 N.E.2d 446 (1979), *cert. denied,* 445 U.S. 960, 100 S.Ct. 1646, 64 L.Ed.2d 235 (1980). *See also* Ind.Code § 34–4–16.5–3 (1982). On the other hand, a claimant does generally have a *right* to recover against governmental entities but can forfeit that right by failing to give the prescribed notice. *See Livingston v. Consolidated City of Indianapolis,* 398 N.E.2d 1302 (Ind.Ct. App.1979).

■ Because the plaintiff had a right to recover against the Department of Highways and merely forfeited that right, the Department of Highways can be a nonparty in this case as one "who is, or may be, liable to the claimant."[3] This conclusion is not only in accord with the general legislative intent evidenced in Indiana's Act and with the language of section 2(a), but a contrary holding would allow a plaintiff to avoid having a governmental entity identified as a nonparty by withholding tort claims notice.[4]

■ Having found that the Department of Highways does in this case fall within the definition of "nonparty," the court

---

1. It should be noted, however, that the legislature explicitly provided that the Comparative Fault Act does not apply to tort *claims* against governmental entities or public employees as defined by Indiana's Tort Claims Act. IND.CODE. § 34–4–33–8. This section, by its use of the term "claim," does not preclude the identification of a governmental entity as a nonparty. It apparently means, however, that joint and several liability and the contributory negligence bar apply to these tort claims, which raises a number of procedural and substantive difficulties when the state is named as a joint tortfeasor. *See* Wilkins, *The Indiana Comparative Fault Act at First (Lingering) Glance,* 17 IND.L. REV. 687, 729–32 (1984).

2. The state has not, however, abrogated its immunity from suits arising out of the circumstances enumerated in IND.CODE § 34–4–16.5–3.

3. For a suggestion of a contrary result, see Roby, *Discovery of Nonparty Defenses Under Indiana's Comparative Fault Act,* 24 RES GESTAE 246, 247–48 (November 1985). This interpretation would also except intentionally omitted tortfeasors against whom the statute of limitations has run from the definition of "nonparty." Such a result seems contrary to the intent of the legislature.

4. Presumably, however, a defendant could give this notice if served with a complaint before the 180–day period elapsed.

must now determine whether National Starch's identification of this nonparty is timely. Section ten of the Act, as set out by the court at the beginning of this entry, provides that a nonparty defense known by the defendant when he files his first answer must be pleaded as a part of the first answer. If the defendant did not know of the defense at that time but was served with the complaint and summons at least 150 days before the expiration of the limitation of action applicable to the claimant's claim against the nonparty, then the nonparty defense must be pleaded no later than forty-five days before the expiration of that limitation of action.

Neither circumstance is the case here. First, there is no suggestion that National Starch knew of this defense at the time of its original answer. This answer was made about two months after suit was filed and no discovery had been conducted as yet. Furthermore, raising the defense at that time would not have aided the plaintiff anyway, because the 180–day notice period expired before National Starch's answer. Second, the defendant's compliance with the 150/45 day provision is not at issue here.[5]

In all other cases, section ten requires that the nonparty defense be asserted "with reasonable promptness." At the outset, the court notes that the plaintiff has not suggested that National Starch failed to assert the defense with reasonable promptness. Moreover, an examination of the file generated to date indicates that neither the plaintiff nor National Starch has been dilatory. The plaintiff filed his complaint within six months of the accident and National Starch answered the complaint about seven weeks later. Shortly thereafter National Starch discovered the location of the truck trailer involved, sought production, and was opposed.

Within a few months after the discovery dispute was resolved, National Starch's expert conducted an investigation of the trailer and the site and rendered the opinion that the state highway department bore some fault. National Starch immediately sought to amend its answer. All the circumstances therefore indicate that the defense has been raised with reasonable promptness.

The plaintiff argues that public policy weighs against amendment because allowing amendment in this circumstance will encourage the filing of frivolous claims with no factual basis in order to preserve the right to recover. That argument is not compelling here because the plaintiff need not have named the state in a lawsuit to preserve his right to recover; tort claims notice as prescribed by Ind.Code §§ 34–4–16.5–6 to –11 would have preserved that right. In addition, possible prejudice is lessened to a degree because the burden of proof of a nonparty defense is upon the defendant; the plaintiff does not bear the burden of proving that the nonparty was not negligent. Ind.Code § 34–4–33–10(b).

The court cannot deny that Indiana's Comparative Fault Act gives rise to numerous uncertainties and is potentially harsh in certain instances. As post-Act litigation develops, some of these uncertainties will be resolved, and the legislature may be called upon to modify some of the Act's potential harshness.

*Conclusion*

For all of the foregoing reasons, the court GRANTS National Starch's motion for leave to file an amended answer.

---

5. National Starch argues that the provision is not applicable because the complaint was served only twenty-five days prior to the expiration of the tort claims notice period, rather than at least 150 days prior. The court is reluctant to accept this argument wholeheartedly because it assumes that the tort claims notice period is the "limitation of action" applicable to a claim against the state. As noted previously, the notice period is a condition precedent to suit, not technically a statute of limitations. The statute of limitations for a tort claim against the state is the same as that for any tortfeasor—two years. The court need not resolve this problem here, though, because the defendant *did* identify the nonparty at least forty-five days prior to the expiration of the two-year statute of limitations.