**Edward C. HILL, et al., Plaintiffs,**

v.

**METROPOLITAN TRUCKING, INC., et al., Defendants.**

**Bonnie CLEMONS, et al., Plaintiffs,**

v.

**METROPOLITAN TRUCKING, INC., et al., Defendants.**

**Nos. S85–716, S85–757.**

United States District Court,
N.D. Indiana,
South Bend Division.

March 26, 1987.

Leon R. Kaminski, Mark J. Phillips, La-Porte, Ind., for Hill et al.

R. Kent Rowe, Edmond W. Foley, South Bend, Ind., for Metropolitan Trucking and Mikhail A. Rabayev.

Robert W. Mysliwiec, South Bend, Ind., for Lamar M. Hurst and Cardale, Inc.

John W. Newby, LaPorte, Ind., for Clemons et al.

## MEMORANDUM AND ORDER

MILLER, District Judge.

### I. Facts

These causes come before the court on the plaintiffs' motions to strike portions of the contentions filed by defendants Mikhail Rabayev and Metropolitan Trucking, Inc. on February 11, 1987, specifically those portions relating to nonparty defenses. At the pretrial conference held in Cause No. S85–716 on February 12, 1987, the court deferred ruling on the plaintiffs' motions to afford the parties an opportunity to submit written arguments and/or citations of authority for the issues raised by the motion to strike. The plaintiffs in Cause No. S85–757 filed an identical motion. The motions are now ripe for ruling.

These causes arise from a single series of events on the Indiana Toll Road in the early morning of November 7, 1985. Edward C. Hill and Milo Clemons, Jr., employees of the Indiana State Highway Department, were among those summoned to an accident scene on the Toll Road. The plaintiffs contend that Mr. Hill and Mr. Clemons were working in a lane that had been closed to traffic when tractor-trailers driven by defendants Mikhail Rabayev and Lamar Hurst approached. The parties disagree over precisely what happened next, but a tractor-trailer struck and killed Mr. Clemons, and a tractor-trailer struck and seriously injured Mr. Hill. Mr. Rabayev pleaded guilty to criminal recklessness in the Indiana courts as a result of these incidents.

These causes of action were brought by Mr. and Mrs. Hill (S85–716) and the personal representatives of Mr. Clemons' estate (S85–757) against Mr. Mikhail, Mr. Hurst and the trucking companies for which they drove.

### II. Issues

Defendants Rabayev and Metropolitan Trucking, Inc. seek to raise, as a defense at trial, the fault of the following nonparties: Indiana State Police Officer Dennis Rissot; James Shaw, a tow truck operator working for the Indiana Department of Highways; Indiana Department of Highways-Toll Road Division employee Charles Forney; the decedent Milo Clemons (in the *Hill* case) and Edward Hill (in the *Clemons* case). Mr. Rabayev and Metropolitan raised these nonparty defenses for the first time when they submitted their contentions for inclusion in the pretrial orders.

The plaintiffs acknowledge that the Indiana Comparative Fault Act authorizes jury consideration of nonparties' fault in determining its verdict. IND. CODE 34–4–33–5.[1] They contend, however, that the individuals named by Mr. Rabayev and Metropolitan are not "nonparties" as defined in Indiana's Comparative Fault Act, and that the jury cannot consider those

---

1. IND. CODE 34–4–33–5(a)(1) and (b)(1) both provide that, "... The jury shall determine the percentage of fault of the claimant, of the defendant[s], and of any person who is a nonparty." See also IND. CODE 34–4–33–6, which requires verdict forms to disclose the name and percentage of fault of a nonparty.

individuals' actions in determining fault. IND. CODE 34–4–33–2(a) provides that, "A nonparty shall not include the employer of the claimant"; the plaintiffs argue implicitly that the statute excludes from nonparty status not only a plaintiff's employer, but all persons employed by that employer and acting within the scope of their employment, thus exempting from consideration Trooper Rissot, Charles Forney, Milo Clemons and Edward Hill, each of whom was employed by the State of Indiana.

Mr. Rabayev and Metropolitan would define the word "employer" in IND. CODE 34–4–33–2(a) more narrowly than would the plaintiffs; they would exclude only the State of Indiana, rather than every State employee, from consideration of nonparty fault. Mr. Rabayev and Metropolitan further contend that even if they cannot present these nonparty defenses for the jury's consideration in allocating damages, they should be allowed to prove and argue that these third parties' actions were the sole proximate cause of the plaintiffs' injuries.

### III. Comparative Fault and the Nonparty Defense in Indiana

The youth of Indiana's Comparative Fault Act has precluded development of a helpful body of reported decisions from the Indiana courts; no reported decision addresses the definition of "nonparty".

Indiana's Comparative Fault Act, IND. CODE 34–4–33–1 *et seq.*, which applies to causes of actions accruing on or after January 1, 1985, governs this cause. This unique act abolished not only the defense of contributory negligence in most actions, IND. CODE 34–4–33–3, but also the doctrine of joint and several liability. IND. CODE 34–4–33–5; Smith & Wade, *Fairness: A Comparative Analysis of the Indiana and Uniform Comparative Fault Acts*, 17 IND.L.REV. 969 (1984); *but see* Schwartz, *Comparative Negligence in Indiana: A Unique State That Will Reshape the Law*, 17 IND.L.REV. 957, 964–65 (1984). Indiana's was the first comparative fault statute to require allocation of the fault of persons who were not parties to

the litigation, although other states had adopted such a rule through judicial decision. Eilbacher, *Comparative Fault and the Nonparty Tortfeasor*, 17 IND.L.REV. 903, 904–906 n. 2 (1984).

Although the governor signed the Comparative Fault Act on April 21, 1983, its effective date was deferred to January 1, 1985, to allow further comment and amendment. Pub.L. No. 317–1983, section 3. As originally enacted, Indiana's Comparative Fault Act contained no definition of "nonparty" or any procedure for use of the nonparty defense; it simply provided that:

> The jury shall determine the percentage of fault of the claimant, of the primary defendant, and *of any person who is not a party to the litigation and whose fault contributed* to cause the death, injury or property damages for which suit is brought. The percentage of fault figures of parties to the action may total less than one hundred percent (100%) if the jury finds that fault contributing to cause the claimant's loss has also come from *persons who are not parties to the action.*

Pub.L. No. 713–1983, section 5(a)(1) (emphasis added). The Act also required the jury verdict to state the name of any nonparty to whom fault was allocated and the percentage of that fault. IND. CODE 34–4–33–6; Pub.L. No. 317–1983.

Three amendments by the 1984 General Assembly limited nonparty liability:

A. IND. CODE 34–4–33–2(a) was amended to provide a definition of "nonparty":

> "Nonparty" means a person who is, or may be, liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a defendant by the claimant. A nonparty shall not include the employer of the claimant.

B. IND. CODE 34–4–33–5(a)(1) was amended to speak of "any person who is a nonparty" rather than "any person who is not a party to the litigation and whose fault proximately contributed to cause the death, injury, or damages for which the suit is brought".

C. IND. CODE 34–4–33–10 was added, specifically setting forth the affirmative nonparty defense. That statute provides, in pertinent part:

(a) In an action based on fault, a defendant may assert as a defense that the damages of the claimant were caused in full or in part by a nonparty. Such a defense is referred to as a nonparty defense.

(b) The burden of proof of a nonparty defense is upon the defendant, who must affirmatively plead the defense. However, nothing in this chapter relieves that claimant of the burden of proving that fault on the part of the defendant or defendants caused, in whole or in part, the damages of the claimant.

(c) A nonparty defense that is known by the defendant when he files his first answer shall be pleaded as a part of the first answer. A defendant who gains actual knowledge of a nonparty defense after the filing of an answer may plead the defense with reasonable promptness. However, if the defendant was served with a complaint and summons more than one hundred fifty (150) days before the expiration of the limitation of action applicable to the claimant's claim against the nonparty, the defendant shall plead any nonparty defense not later than forty-five (45) days before the expiration of that limitation of action. The trial court may alter these time limitations or make other suitable time limitations in any manner that is consistent with:

(1) giving the defendant a reasonable opportunity to discover the existence of a nonparty defense; and

(2) giving the claimant a reasonable opportunity to add the non-party as an additional defendant to the action before the expiration of the period of limitation applicable to the claim. . . .

### IV. Availability of the Nonparty Defense

#### A. "The Claimant's Employer"

The court finds substantial logical appeal in the plaintiffs' argument that the term "employer" encompasses others employed by the claimant's employer. Treatment of the claimant's employer is awkward when the jury may apportion fault to nonparties. Indiana's workers' compensation statutes insulate employers from civil suits by employees who are injured on the job. IND. CODE 22–3–2–6. In exchange for a workers' compensation system that ignores the issue of fault, Indiana law vests the employer with a lien on any civil recovery the employee achieves against a third party. IND. CODE 22–3–2–13.

Under the original version of Indiana's comparative fault law, a fault-free plaintiff suing a third party for injuries suffered in the course of his employment would have faced the prospect that the jury would apportion fault to the employer. Because the workers' compensation laws provide an exclusive remedy, the plaintiff could not recover that share of his damages apportioned to his employer. Further, the employer could enforce its lien on the share of damages recovered from the third party, further reducing the plaintiff's recovery. The 1984 amendments cured this inequity by defining "nonparty" and excluding the claimant's employer. See Eilbacher, *Comparative Fault and the Nonparty Tortfeasor*, 17 IND.L.REV. 903, 917–920 (1984); Wilkins, *The Indiana Comparative Fault Act at First (Lingering Glance)*, 17 IND. L.REV. 687, 735–736, 751–756 (1984). No other reason is apparent for the 1984 amendment excluding employers from the definition of "nonparty".

Not every comparative fault state takes Indiana's approach. Wisconsin allows consideration of the employer's negligence, *Connar v. West Shore Equipment*, 68 Wis.2d 42, 227 N.W.2d 660 (1975), while California allows the employer to enforce its lien against the judgment only to the extent it has paid benefits exceeding its allocation of the employee's injuries, as found in the verdict. *Arbaugh v. Procter & Gamble Mfg. Co.*, 80 Cal.App.3d 500, 145 Cal.Rptr. 608 (1978). The Uniform Comparative Fault Act takes no position. UNI-

FORM COMPARATIVE FAULT ACT, section 6, Commissioners' Comments, 12 U.L.A. 45 (Supp.1984). Indiana, however, appears to have responded to the issue through its definition of "nonparty".

The inequity of the statute's earlier version might linger if the term "employer", as used in IND. CODE 34-4-33-2(a), is limited to the entity that signed the claimant's paychecks, as Mr. Rabayev and Metropolitan argue. Mr. Hill and Mr. Clemons were acting in the course and scope of their employment at the time of their injuries, evoking the exclusive remedy of the workers' compensation laws. Those laws allow an injured employee to bring an independent action only against "some other person than the employer and not in the same employ ..." IND. CODE 22-3-2-13. Mr. Hill, Mr. Clemons and Charles Forney all worked for the Indiana Department of Highways—Toll Road Division; all were "in the same employ". Mr. Hill and Mr. Clemons could sue neither each other nor Mr. Forney. *Ward v. Tillman*, 179 Ind. App. 626, 386 N.E.2d 1003 (1979).

James Shaw and Trooper Rissot were not as obviously co-employees of Mr. Hill and Mr. Clemons. Under Indiana law, however, they were "in the same employ". In *State v. Coffman*, 446 N.E.2d 611 (Ind. App.1983), the court of appeals held that a State Highway Department employee could not maintain a suit against the state trooper who ran into his truck, because the State would be liable upon the claim against the Trooper. The highway worker and the trooper both were in the employ of the State; the workers' compensation laws barred suit.

A construction of "employer" that does not encompass those in the same employ as the claimant arguably might suffer the same defects as did the Comparative Fault Act before the 1984 amendments: an employee would see his recovery reduced by allocation of fault to those from whom he could not recover, and then further reduced by the employer's lien.

The General Assembly did not, however, define "employer" to include all persons in the same employ as the claimant; the Gen-

eral Assembly did not choose to use a term marked by ambiguity. The General Assembly chose to use the term "employer". If the plain language of the statute is clear, courts are not to look beyond the statute's words to interpret the statute. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 201, 96 S.Ct. 1375, 1384, 47 L.Ed.2d 668 (1976); *Kelly v. Wauconda Park District*, 801 F.2d 269, 270 (7th Cir.1986). The court simply cannot find that the term "employer" is ambiguous; certainly it is not sufficiently ambiguous to encompass, in a claim by highway department workers, other highway workers and a state trooper.

■ Neither Mr. Hill nor Mr. Clemons was the other's employer; Trooper Rissot, Mr. Shaw and Mr. Forney were the employers of neither. The motion to strike the contentions must fail insofar as it is based on the provision in IND. CODE 34-4-33-2(a) that, "A nonparty shall not include the employer of the claimant."

### B.  *"Is or May Be Liable to the Claimant"*

That the persons in question were not the employers of Mr. Hill or Mr. Clemons does not, however, conclude the inquiry. IND. CODE 34-4-33-2(a) requires that the nonparty be "a person who is, or may be, liable to the claimant in part or in whole for the damages claimed ..."

As discussed above, the would-be nonparties are not, and may not be, liable to these plaintiffs for the damages claimed. The Hills and Mr. Clemons's personal representatives do not claim statutory workers' compensation benefits in this action. The damages they claim could not be recovered from those in the same employ; the workers' compensation laws would provide their exclusive remedy. *Ward v. Tillman*, 179 Ind.App. 626, 386 N.E.2d 1003 (1979).

Further, it appears that each of the would-be nonparties would fall within the coverage of Indiana's Tort Claims Act. IND. CODE 34-4-16.5-1 *et seq*, which requires that notice of intent to sue be given within 180 of the injuries being incurred. IND. CODE 34-4-16.5-7. The would-be

nonparties are immune from suit absent such notice. The record does not suggest that the Hills or Mr. Clemons' representatives gave such notice; accordingly, the record does not reflect that the would-be nonparties are or may ever be liable to the plaintiffs.

■ Because Mr. Hill and Mr. Clemons are not, and cannot be, liable to each other for any part of the damages the other claims, and because Mr. Forney, Mr. Shaw and Trooper Rissot are not, and cannot be, liable to either Mr. Hill or Mr. Clemons for any part of the damages either claims, the plaintiffs' motion to strike those portions of the contentions of defendants Rabayev and Metropolitan dealing with the nonparty defenses should be granted.

### C. Timeliness

■ The Indiana Court of Appeals has concluded that "allocation of non-party fault is to be made only in those cases where the non-party defense is specifically pleaded by a named defendant. Otherwise, allocation of fault is to be limited to the parties to the action." *Walters v. Dean*, 497 N.E.2d 247, 253 (Ind.App.1986). This conclusion seems to afford an ample alternative ground for resolution of the plaintiffs' objection to the inclusion of the nonparty defense in the contentions: Mr. Rabayev and Metropolitan raised no nonparty defense in their answer, filed on January 27, 1986; they have not suggested that the potential contributory fault of the nonparties only recently came to light.

IND. CODE 34-4-33-10(c) requires that the defense be pleaded in the answer or with reasonable promptness. Mr. Rabayev and Metropolitan appear to have done neither. For this reason as well, the plaintiffs' motion to strike should be granted.

### V. Nonparty as Proximate Cause

Mr. Rabayev and Metropolitan argue that even if they are not permitted to proceed with their nonparty defense, they must be permitted to assert that the would-be parties' conduct was the sole proximate cause of the occurrence. The burden remains on the plaintiffs to demonstrate that the defendants' action proximately caused their injuries. IND. CODE 34-4-33-10(b).

The defendants' denial that they were a proximate cause of the plaintiffs' injuries encompasses any contention that the injuries were caused solely by others. Further specificity in the contentions is unnecessary to preserve the argument.

The issue, then, is the propriety of evidence and argument by Mr. Rabayev and Metropolitan; at first blush, it appears that the issue's resolution will be found in Rules 401 and 403 of the Federal Rules of Evidence. The plaintiffs, however, have not addressed this issue, and the issue seems more appropriate to a motion *in limine* concerning evidence and argument than to a motion to strike contentions.

Accordingly, while the court grants the motion to strike the nonparty defenses from the defendants' contentions, and strikes therefrom any reference to the fault of the would-be nonparties, the court does so without prejudice to later motions concerning the propriety of evidence or argument concerning the causative effect of the conduct of those would-be nonparties.

### VI. Conclusion

For the foregoing reasons, the court now GRANTS the plaintiffs' motions to strike portions of the contentions of defendants Rabayev and Metropolitan Trucking, Inc., and ORDERS as follows:

(a) In Cause No. S85-716, the court strikes from the contentions any reference to the conduct of Milo Clemons, Jr., Dennis Rissot, James Shaw, or Charles Forney; and

(b) In Cause No. S85-757, the court strikes from the contentions any reference to the conduct of Edward C. Hill, Dennis Rissot, James Shaw, or Charles Forney.

SO ORDERED.