The FARMERS & MERCHANTS STATE BANK, the Conservator of the funds of Jerry Adam Scott, Wendy Marie Scott; and Jeffrey Lamar Scott, Minors, Plaintiffs,

v.

NORFOLK & WESTERN RAILWAY COMPANY, Defendant.

Civ. No. L 87–21.

United States District Court, N.D. Indiana, Hammond Division at Lafayette.

Nov. 20, 1987.

Jay T. Hirschauer, Courtney B. Justice, Logansport, Ind., for plaintiffs.

Stephen R. Pennell, John C. Duffey, Russell H. Hart, Lafayette, Ind., for defendant.

MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On February 19, 1987, the plaintiffs filed a complaint seeking personal injury damages allegedly sustained in a motor vehicle-train collision at a railroad crossing intersection in Carroll County, Indiana on January 30, 1987. The allegation in rhetorical paragraph seven and its subparts alleges various specifications of negligence in the operation of the train and the maintenance of the crossing, including the concept of the extra hazardous nature of said crossing. Those allegations apparently are carried forward in the amended complaint filed on or about May 11, 1987. In the answer to the first amended complaint filed on May 15, 1987, the defendant railroad asserts as a second defense the following allegation:

"The injuries and damages sustained by the plaintiffs and each of them were caused in full or in part or were contributed to by, the fault of a non-party, Jerry Lamar Scott. For this reason, the plaintiffs, and each of them, should take nothing by way of their complaint herein; or,

their damages must be diminished in proportion to the fault of said non-party all pursuant to Indiana Code 34–4–33–1 *et seq.* (Burns)

On October 1, 1987, the plaintiff filed a motion to strike the aforesaid second defense supported by a memorandum of authority. That memorandum stated that Indiana's Comparative Fault Statute could not apply to plaintiff as he was protected by the common law concept of parental immunity. This court has examined the parties' pleadings and briefs regarding said Motion to Strike. In addition, a hearing in open court was held on November 10, 1987 in Lafayette, Indiana. This court now has enough input from the respective parties to competently rule on the matter.

The court's jurisdictional authority to so rule is derived from 28 U.S.C. § 1332 which gives federal courts original jurisdiction over cases in which all party plaintiffs are completely diverse from all party defendants. Here, plaintiffs are all permanent residents of the state of Indiana. Defendant railroad is incorporated in Virginia, with its principal place of business in Virginia. The amount in controversy exceeds Ten Thousand Dollars ($10,000.00).

## I. Facts

Certain facts in this case are not in dispute. Jerry Lamar Scott and Norma Jo Scott are the natural parents of minor plaintiffs Jerry Adam Scott, Wendy Marie Scott, Jeffrey Lamar Scott, and a fourth child who is not a plaintiff, Veronica Scott. On January 30, 1987, the father, Jeffrey Scott (Scott) was driving his 1972 Chevrolet Blazer when the accident in question occurred. Three of his children, namely Adam, Wendy, and Jeffery were in the vehicle with him. A train operated by defendant Norfolk and Western Railway Co. (NWR) struck Scott's car. The three children were very seriously injured.

At the time of the accident, Scott and his wife Norma Jo were living apart. All four of the couple's children were then living with their father. The couple were legally divorced by virtue of judicial decree on June 12, 1987, four months after the acci-

dent. A final hearing on legal custody of the children is tentatively set for January 20, 1988.

Plaintiffs filed this case on February 19, 1987. This case seeks damages for injuries sustained in the January 30, 1987, accident. The matter is currently set for trial by jury on February 16, 1988 in Lafayette, Indiana.

## II. Legal Analysis

Motions to Strike under Rule 12(f) of the Federal Rules of Civil Procedure are generally disfavored by courts. 5 Wright & Miller, *Federal Practice and Procedure* 783, 799 (1969). Here, plaintiff has motioned this court to strike defendant's second defense as insufficient. Such motions

"are not favored by the courts because of their dilatory character. Thus ... they often are not granted in the absence of a showing of prejudice to the moving party. Nonetheless, they are a useful and appropriate tool when the parties disagree only on the legal implications to be drawn from uncontroverted facts. But even when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike ...." *Id.* at 799–800 (Footnotes omitted).

*See also, e.g., Mitchell v. Bendix Corp.,* 603 F.Supp. 920, 921 (N.D.Ind.1985) (citing 5 Wright & Miller, § 1380, *supra).* With these principles in mind, the court must scrutinize plaintiff's Motion to Strike to determine its merit in this instance.

Because this is a diversity of citizenship case, the legal sufficiency of defendant's second defense must be determined under the applicable Indiana common and statutory law. *Erie v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); 5 Wright & Miller *supra,* at 798–99. Two Indiana statutes and one common law doctrine must be analyzed together to determine the legal sufficiency of plaintiff's Motion to Strike.

The first statute is the Indiana Comparative Fault Statute, IC 34–4–33–1 *et seq.* Under this statute, fault is determined on a percentage basis in order to fairly distrib-

ute liability among parties. Under IC 34–4–33–5, nonparties who were involved in the occurrence or act are also to be considered in such determination of fault with certain exceptions. A "nonparty" is defined in IC 34–4–33–2 as follows:

> "Nonparty" means a person who is, *or may be, liable* to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a defendant by the claimant. A nonparty shall not include the employer of the claimant. (emphasis added)

Unfortunately, this court has little caselaw guidance in interpreting this provision. Just two United States district courts in Indiana have discussed it. Certainly, these two district court opinions are not conclusive on a question of Indiana substantive law if the same are at odds with that substantive law as announced by the Supreme Court of Indiana or, in the absence thereof, by the Court of Appeals of Indiana. Neither the Supreme Court of Indiana nor the Court of Appeals of Indiana has addressed the definition of "nonparty" as it is set forth in the above provision. Therefore, this court must look to the two federal district court cases for direction. The first of these was decided on March 20, 1987 by Judge Sarah Barker. *Huber v. Henley,* 656 F.Supp. 508 (S.D.Ind. 1987). There, Judge Barker ruled that a nonparty to whom a jury may attribute fault must be a person who is or may be liable to the claimant. She specifically stated:

> A tortfeasor, then, who enjoys a traditional immunity from suit is not a "person who is or may be liable to the claimant" and cannot, therefore, be a nonparty.

Just six days after Judge Barker's decision was issued, Judge Robert L. Miller decided another "nonparty" case. *Hill v. Metropolitan Trucking, Inc.,* 659 F.Supp. 430 (N.D.Ind.1987). Judge Miller came to the same conclusion as Judge Barker:

> The would-be nonparties are immune from suit absent such notice. The record does not suggest that the Hills or Mr. Clemons' representatives gave such notice; accordingly, the record does not reflect that the would-be nonparties are or may ever be liable to the plaintiffs. Because Mr. Hill and Mr. Clemons are not, and cannot be, liable to each other for any part of the damages the other claims, and because Mr. Forney, Mr. Shaw and Trooper Rissot are not, and cannot be, liable to either Mr. Hill or Mr. Clemons for any part of the damages either claims, the plaintiffs' motion to strike those portions of the contentions of defendants Rabayev and Metropolitan dealing with the nonparty defenses should be granted.

The conclusion that Judges Barker and Miller both reached then, was that a person who is *immune* from suit cannot be a nonparty under. Indiana's Comparative Fault Statute because such person cannot be "a person who is, or may be, liable to the claimant." IC 34–4–33–2. Therefore, such person cannot be considered in any fault distribution process. Judge Miller granted a motion to strike a comparative fault defense because the alleged nonparties were immune from suit and therefore could not be liable.

The plaintiffs claim that because Scott, the driver of the motor vehicle, is immune from suit brought by the claimants under the well-established Indiana common law parent-child immunity doctrine, he cannot be a nonparty under the Comparative Fault Statute and therefore, the comparative fault defense must be stricken.[1] This ar-

---

1. The parent-child immunity doctrine provides that parents are immune from liability for any tortious actions committed by themselves as against an unemancipated child. *Vaughan v. Vaughan,* 161 Ind.App. 497, 316 N.E.2d 455 (1974). The purpose of this doctrine is to promote the sound public policy of maintaining parental control over children during said children's minority. To permit such suits would disturb domestic tranquility. *Buffalo v. Buffalo,* 441 N.E.2d 711 (Ind.App.1982). The doctrine will not preclude, however, a negligence action by an unemancipated minor child against a non-custodial parent where the parents are divorced. *Id.* at 714. This court need not consider this exception to the parent-child immunity doctrine at this time because the Indiana Guest

gument would have merit based on the above-mentioned district court decisions but for one additional hurdle: Indiana's Guest Statute.

Indiana's Guest Statute, set forth at IC 9–3–3–1 *et seq.* (Supp.1984) creates an exception to the parent-child immunity doctrine in the case of motor vehicle accidents. IC 9–3–3–1(b) is quoted below:

(b) The owner, operator, or person responsible for the operation of a motor vehicle is not liable for loss or damage arising from injuries to or the death of ...

(3) his child or stepchild ... resulting from the operation of the motor vehicle while the ... child ... was being transported without payment therefor in or upon that motor vehicle *unless the injuries or death are caused by the wanton or willful misconduct of the operator, owner, or person responsible for the operation of the motor vehicle.* (emphasis added)

Therefore, a parent *may* be liable to a guest child who is injured when the parent driving the car willfully or wantonly causes such injury. Because Scott's conduct is a question of fact which may be decided by a jury, this court may not grant plaintiff's Motion to Strike defendant's second affirmative defense. As noted previously, motions to strike are appropriate only when parties disagree on the legal implications to be drawn from *uncontroverted* facts. 5 Wright & Miller, *Federal Practice and Procedure,* 800 (1969). Even then, courts are generally reluctant to grant such motions. *Id.*

It must be stressed that this court is not now suggesting an outcome on the merits of this case. It is simply refusing to strike defendant's second affirmative defense so as to allow the defense to be considered in its totality in future proceedings governing this action. Whether Scott actually *is* a "nonparty" under Indiana's Comparative Fault Statute is dependant on whether he acted willfully or wantonly, a question of fact which defendant must prove if it chooses to pursue its second affirmative defense.[2] This court finds only that such defense is legally sufficient in that there is a *possibility* Scott could be a "nonparty" to whom fault may be assigned under Indiana law.

For the foregoing reasons, plaintiff's Motion to Strike is hereby DENIED. IT IS SO ORDERED.

Statute exception will suffice to decide plaintiffs' Motion to Strike.

2. Although there is no Indiana case law which discusses defendant's burden of proof at trial in promoting a nonparty defense, a 1984 law review article envisioned the scenario with which this court is now confronted. That article, in discussing pleading and burdens of proof under the "nonparty" provision of the comparative fault statute, gave the following example:

[A]ssume that a plaintiff was injured as an automobile passenger of John Doe in a head-on collision with the auto of defendant and the evidence is clear that the combined *negligence* of Doe and the defendant caused the collision. If plaintiff were a *guest* passenger of Doe, there may not be a recovery from him in the absence of his wanton or willful misconduct, of which Doe was not guilty. *If the fault of John Doe were pleaded by the defendant, then the jury would be instructed that fault may be assigned to Doe only if he had acted with wanton or willful misconduct.* (emphasis added)

Eilbacher, *Comparative Fault and the Nonparty Tortfeasor,* 17 Ind.L.Rev. 903, 922 (1984).