**Alwin HANDROW and Eleanor I. Handrow, Appellants (Plaintiffs Below),**

v.

**Clifford W. COX, Newton Transportation Company, Inc. and State of Indiana, Appellees (Defendants Below).**

No. 12A04–8906–CV–252.

Court of Appeals of Indiana, Fourth District.

April 30, 1990.

Rehearing Denied Aug. 3, 1990.

Grant C. Mitchell, Charles R. Vaughan, Vaughan and Vaughan, Lafayette, for appellants.

Maxwell Gray, Richard S. Pitts, Lowe, Gray, Steele & Hoffman, Indianapolis, for appellees.

CONOVER, Judge.

Plaintiffs–Appellants Alwin and Eleanor Handrow (the Handrows) appeal the trial court's judgment entered on a jury verdict in favor of Defendant–Appellee Newton Transportation Co., Inc. (Newton).

We affirm.

The Handrows present two issues for our review. Restated they are whether the trial court erred by:

1. determining the State of Indiana was a nonparty, and

2. refusing to instruct the jury:

a) it could not allocate negligence to the State of Indiana because the State was immune from liability, `

b) any negligence of the driver could not be allocated to the passenger because there was no evidence they were on a joint enterprise, and

c) the driver of a truck has a duty i) not to stop his vehicle on a bridge and ii) to place flares or similar warning devices behind his disabled vehicle.

In December, 1985, Clifford Cox (Cox) was driving Newton's semi-tractor trailer south on I–65. The truck skidded on an icy overpass, jackknifed, and ended up across the bridge blocking both southbound lanes. Alwin, driving the Handrows' automobile with Eleanor, his wife, as a passenger, was unable to stop the automobile while approaching the bridge and collided with the truck. The Handrows were seriously injured.

After suit was filed against Cox, Newton, and the State of Indiana, the trial court granted the State's motion for summary judgment. The trial court determined the State was a nonparty because it was statutorily immune from suits involving the accumulation of ice and snow on a highway. At trial, Cox was dismissed as a defendant. During the trial, highway employees testified they did everything they could to properly salt the roads. Eleanor testified she exercised no control over her husband while he was driving.

At the trial's conclusion, the trial court refused to give certain of the Handrows' tendered instructions. The jury returned a verdict in favor of Newton, the only remaining defendant.

The Handrows appeal.

The Handrows first argue the State of Indiana could not be considered a nonparty to the action because it was statutorily immune, thus the State could not be held liable. During the proceedings, the trial court ruled the State of Indiana was immune from liability pursuant to IND.CODE 34–4–16.5–3. Thereafter, the trial court entered an order stating the State of Indiana was a nonparty in the case.

■ Pursuant to statute, the State of Indiana was immune from liability under the facts of this case. IC 34–4–16.5–3 provides, in pertinent part:

Sec. 3 A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from: ...

(3) the temporary condition of a public thoroughfare which results from weather;

■ The question thus remains whether the State may be classified as a nonparty even though it is clearly immune from liability. Under our system of comparative fault, each person who contributes to cause an injury must bear the burden of reparation for that injury in proportion to his share of the total fault. *Faust v. Thomas* (1989), Ind.App., 535 N.E.2d 164, 165. To comply with this system of fault allocation, an essential part of Indiana's comparative fault scheme is the nonparty defense. *Id.*, at 166. IC 34–4–33–2 defines a nonparty:

Nonparty: means a person who is, or may be, liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a defendant by the claimant. A nonparty shall not include the employer of the claimant.

In 1984, the legislature amended IC 34–4–33–2, the above statute, to include the definition of a nonparty. Prior to this amendment, the original 1983 Comparative Fault Act did not define a nonparty or provide any procedure for use of the nonparty defense. *Hill v. Metropolitan*

*Trucking, Inc.* (1987, N.D.Ind.), 659 F.Supp. 430, 432. Rather, the original Act permitted the allocation of fault to an immune party even though there could be no recovery from that party. To the extent such an immune person contributed to the plaintiff's injuries, those injuries were to remain uncompensated. Eilbacher, Comparative Fault & the Nonparty Tortfeasor, 17 *Ind.L.R.* 903 (1984). This inequity was remedied by the 1984 amendment which defined a nonparty as a person who "is, or may be, liable to the claimant." *Id.* Thus, it is clear the legislature intended to remove immune parties from the comparative fault scheme. *See also* Eilbacher, Nonparty Tortfeasors in Indiana: The Early Cases, 21 *Ind.L.R.* 413 (1988).

Because the Comparative Fault Act is still in its infancy, there are relatively few Indiana cases which address the specifics of the Act. We found no reported decision addressing this precise issue. We, therefore, look to our federal courts for guidance.

In *Hill v. Metropolitan Trucking, Inc., supra,* the court held the plaintiffs could not plead certain co-employees as nonparty tortfeasors because none of the co-employees were or could be liable to the plaintiffs. The court found the plaintiffs' exclusive remedy was based on the Indiana Workmen's Compensation Act, thus the co-employees were immune from civil liability. *Id.,* at 434. The court thus concluded the co-employees could not be held liable to the plaintiff as nonparties because they did not come within the statutory definition of a nonparty.

In *Huber v. Henley* (1987, S.D.Ind.), 656 F.Supp. 508, the issue was whether the claimant should be permitted to add the Department of Highways as a nonparty to the action when the claimant failed to file a tort claim notice within the 180–day notice period. In arriving at its conclusion, the court discussed the definition of a nonparty. The court stated a tortfeasor "who enjoys a traditional immunity from suit is not a 'person who is or may be liable to the claimant' and cannot, therefore, be a nonparty." *Id.,* at 510. The court further

stated a nonparty is "one against whom the plaintiff would have had a right to relief." *Id.,* at 511.

Furthermore, in *Farmers & Merchants State Bank v. Norfolk & Western Railway Co.* (1987, N.D.Ind.), 673 F.Supp. 946, Judge Sharp cited with approval the discussions concerning nonparties in both *Hill, supra,* and *Huber, supra.* He summarized the cases as holding a person who is immune from suit cannot be a nonparty under Indiana's Comparative Fault Statute because such a person is not one "who is, or may be, liable to the claimant." Thus, such a person cannot be considered in the fault distribution process. *Farmers & Merchants State Bank, supra,* at 948.

■ We therefore conclude a person who is immune from liability cannot be considered as a nonparty. Thus, the trial court erred in naming the State of Indiana, a statutorily immune entity, as a nonparty.

■ However, even though the trial court clearly erred in naming the State as a nonparty, we must consider such error harmless. In assessing fault, the jury attributed 70% of the fault to the Handrows, 30% to Newton and 0% to the State. Because no fault was attributed to the State, the Handrows were not harmed. Thus, any trial court error in this regard must be considered harmless and not a basis for reversal.

■ Next, the Handrows maintain they were prejudiced by being "forced to completely change their theory because it was necessary to show the State was not negligent in order to prevent the remaining Defendants from allocating negligence to the State. Therefore, ... the Plaintiffs were forced to show the State was not negligent, when in fact the State was negligent." (Appellants' Brief, p. 11).

We find no merit in this argument. No harm accrued to the Handrows because of the trial court's erroneous classification of the State as a nonparty. The fact remains no fault was attributed to the State, thus the Handrows were left unharmed by the trial court's error.

■ The Handrows next maintain the trial court erred in refusing to give certain tendered instructions. When reviewing such issues, we must determine whether: (1) the tendered instruction correctly stated the law; (2) the record would support the giving of the instruction; (3) the substance of the tendered instruction is covered by other instructions which were given; and (4) the refusal to give the instruction resulted in prejudice to the party who tendered it. *City of Lake Station v. Rogers* (1986), Ind.App., 500 N.E.2d 235, 240. Only upon an affirmative showing on all points will the refusal constitute reversible error. *Id.*

■ Here, the first set of refused instructions concerned the State as a nonparty. In essence, these three instructions would have informed the jury the State could not be a nonparty because it was immune from liability, and, as a result, no fault could be allocated to the State.

These instructions were properly refused. The Handrows fail to demonstrate they were prejudiced by the refusals. Given our previous discussion concerning the jury's 0% fault allocation to the State, it is evident the result of the trial would not have been different had the tendered instructions been given. Had the jury been instructed it could allocate no fault to the State, as the tendered instructions proposed, the result would have still been the allocation of 0% of fault to the State, the result reached at trial. We can perceive no prejudice resulting from the refusal of the instructions. We cannot reverse the trial court's judgment for an error in an instruction which clearly did not affect the result. *Grad v. Cross* (1979), 182 Ind.App. 611, 395 N.E.2d 870, 873.

■ The second set of refused instructions consists of six instructions concerning whether a driver's negligence may be imputed to a passenger. In short, the instructions would have instructed the jury the negligence of a driver cannot be imputed to a passenger who exercised no control over the driver and was not engaged in a joint enterprise. The Handrows argue the trial court erred by refusing to instruct the jury no negligence of Alwin Handrow could be imputed to his wife, Eleanor. Consequently, they argue such a refusal was an error of law which resulted in prejudice because the jury imputed its finding of negligence to Eleanor, thus the jury's finding Alwin was 70% at fault diminished and barred Eleanor's damages.

We note the Handrows failed to tender a verdict form designed to alleviate the alleged problems with the imputation of negligence to Eleanor. After looking to the record, we find the Handrows submitted no verdict form to the court, made no objection to the form submitted by the court, and did not object to the form of the verdict upon its return by the jury. Having failed to act on their own behalf at trial, the Handrows may not now argue the verdict form and its component parts were not correct. Under these circumstances, the Handrows have waived any error concerning the form of the verdict. *English Coal Co. Inc. v. Durcholz* (1981), Ind.App., 422 N.E.2d 302, 311; *Coyle Chevrolet Co. v. Carrier* (1979), Ind.App., 397 N.E.2d 1283, 1288; *Wolff v. Slusher* (1974), 161 Ind.App. 182, 314 N.E.2d 758, 763.

■ In *Wolff, supra,* 314 N.E.2d at 763, we held it is essentially the responsibility of the trial court to see the jury is properly instructed and the verdict returned is not defective. Under the facts of this case, the trial court met this responsibility. The trial court instructed the jury:

FINAL INSTRUCTION NO. 16

The rights of Alwin Handrow and Eleanor I. Handrow, the Plaintiffs in this cause, are separate and distinct. You will treat their claims as if they were two separate lawsuits. The instructions given you govern the case of each plaintiff so far as applicable to him or her.

FINAL INSTRUCTION NO. 17

In the event you find that any plaintiff is entitled to recover you will assess the damages of each separately and return a verdict in a separate amount for each.

(R. 171, 172). Thus, the trial court properly instructed the jury Eleanor and Alwin had separate and distinct rights and any damages should be assessed on this basis.

■■■ The third set of tendered instructions concerned the failure of Cox, the truck driver, to place warning devices behind his disabled vehicle and Cox's stop on the bridge. The two instructions at issue contained Indiana statutes.

Tendered instruction number 36, referring to IC 9–8–6–42, recited the driver's statutory responsibility to post warning lights or flares near a disabled vehicle. The instruction stated, in pertinent part:

Whenever any motor truck, passenger bus, truck tractor, trailer, semitrailer or pole trailer is disabled upon the travelled portion of any highway or the shoulder thereof outside any municipality *at any time when lighted lamps are required on vehicles*, the driver of such vehicle shall displace the following warning devices.... (Emphasis supplied).

IC 9–8–6–3 requires the use of lighted head lamps and other such illuminating devices from sunset to sunrise and when persons or vehicles on the highway are not clearly discernible at a distance of 500 feet.

When analyzed under the facts of this case, the instruction was properly refused. There is no evidence in the record demonstrating the truck jackknifed at a time when "lighted lamps are required on vehicles." That is, there is no evidence the truck jackknifed during the time period between sunset and sunrise or when vehicles would not be clearly discernible from 500 feet away. See IC 9–8–6–3. To constitute reversible error, there must be an affirmative showing the record would support the giving of the instruction. *City of Lake Station, supra.* The Handrows failed to make such a showing here.

Tendered instruction number 8, quoting IC 9–4–1–114(a)(13), (14), provided, in pertinent part:

(a) No person shall stop, stand, or park a vehicle, ... in any of the following places:

(13) Upon any bridge or other elevated structure upon a highway or with highway tunnel;

(14) At any place where official signs prohibit stopping.

Again, there is no evidence in the record to support the giving of the instruction. There is no evidence Cox stopped, stood, or parked his vehicle on the highway. Rather, there is only evidence Cox lost control of the truck and it jackknifed. Absent evidence in the record supporting the tendered instruction, we cannot find error. *City of Lake Station, supra.*

Affirmed.

HOFFMAN, P.J., concurs.

MILLER, J., dissents with opinion.

MILLER, Judge, dissenting.

I dissent because I believe the trial court erred in refusing the Handrows' tendered instructions Nos. 35 and 36.[1]

In reviewing the refusal to give tendered instructions this court considers the following: (1) whether the tendered instruction is a correct statement of the law; (2) whether the instruction is supported by the evidence; (3) whether the substance of the instruction is covered by other instructions; and (4) whether the refusal to give the instruction resulted in prejudice to the party who tendered it. *City of Lake Station v. Rogers* (1986), Ind.App., 500 N.E.2d 235, 240.

Handrows' tendered instruction No. 35 read as follows:

A passenger has no duty to keep a lookout. A passenger's only duty is to warn of an impending danger if he or she observes that the driver is not aware of it.

This is a correct statement of the law. In *Gates v. Rosenogle* (1983), Ind.App., 452 N.E.2d 467, 474 this court explained:

1. The Handrows' brief refers to instructions Nos. 34 and 35, however, the record reveals the instructions were Nos. 35 and 36.

While a passenger has a duty to exercise reasonable care, our Supreme Court has expressly recognized that where the passenger has no control over the management of the vehicle, he or she may ordinarily rely upon the assumption that the driver will exercise proper care and caution and need not keep a lookout in order to satisfy that duty. *Lindley v. Sink* (1940), 218 Ind. 1, 18, 30 N.E.2d 456. *See also, Kavanagh v. Butorac* (1966), 140 Ind.App. 139, 221 N.E.2d 824, and *Horton v. Sater* (1966), 140 Ind.App. 1, 221 N.E.2d 452 applying the same rule.

Newton claims there was no evidence to support this instruction. The tendered instruction is a statement of the general rule. The defendant has the burden of proving contributory negligence. *Goodhart v. Board of Commissioners of County of Parke* (1989), Ind.App., 533 N.E.2d 605. In this case, there was no evidence that Eleanor knew of the impending danger or that she knew Alwin did not. Newton had the burden of proving that she had such knowledge but, it offered no evidence on this issue. In addition, even if it had offered such evidence, a question of fact would exist and the Handrows would be entitled to have the instruction given.

This instruction was not covered by other instructions. Newton claims it was covered by the court's instruction Nos. 16 and 17 which informed the jury it was to consider Alwin's and Eleanor's claims separately. However, the jury was given no instruction on which it could base its determination of Eleanor's negligence, if any. This lack of instruction coupled with the verdict form which failed to separate the plaintiffs as to percentage of fault permitted an inference that Alwin's negligence could be imputed to Eleanor.

The Handrows' tendered instruction No. 36 read as follows:

You are instructed that where an occupant of a vehicle has no control or authority over the driver, the contributory negligence of the driver cannot be imputed to the occupant. Accordingly, the contributory negligence of the driver of an automobile or other motor vehicle may not be imputed to an occupant where such occupant exercises no control over the driver, as where the occupant is a gratuitous passenger or guest in the vehicle.

This is also a correct statement of the law. In *Indiana State Highway Commission v. Speidel* (1979), Ind.App., 181 Ind. App. 448, 392 N.E.2d 1172, 1178, this court held:

Under Indiana law, the contributory negligence of a driver cannot be imputed to a passenger if the passenger is passive, exercising no control over the driver, *Leuck v. Goetz* (1972), 151 Ind.App. 528, 280 N.E.2d 847; *New York Central R.R. Co. v. Sarich* (1962), 133 Ind.App. 516, 180 N.E.2d 388; or when the driver and passenger are not shown to be engaged in a joint enterprise. *Beem v. Steel* (1967), 140 Ind.App. 512, 224 N.E.2d 61; *Baltimore & O.R. Co. v. Patrick* (1960), 131 Ind.App. 105, 166 N.E.2d 654; *Vance v. Wells* (1959), 129 Ind.App. 659, 159 N.E.2d 586.

*See also, Goodhart, supra; Lueck v. Goetz* (1972), Ind.App., 151 Ind.App. 528, 280 N.E.2d 847. Newton also argues that this instruction was not supported by the evidence because there was no evidence that Eleanor was a passive passenger. Conversely, there was no evidence that she was not. The Handrows cannot be expected to prove a negative. In addition, Eleanor testified that she had no control over her husband's driving. In the absence of evidence that she had a right to control *his* driving, she was entitled to the instruction.

Newton, again, claims this instruction was covered by instructions Nos. 16 and 17 which read:

The rights of Alwin Handrow and Eleanor I. Handrow, the Plaintiffs in this cause, are separate and distinct. You will treat their claims as if they were two separate lawsuits. The instructions given you govern the case of each plaintiff so far as applicable to him or her.

\*     \*     \*.     \*     \*     \*

In the event you find that any plaintiff is entitled to recover you will assess the damages of each separately and return a verdict in a separate amount for each.

The majority agreed with Newton's argument; however, I disagree. Instruction No. 17 concerns damages not negligence. Instruction No. 16, while informing the jury that it should consider the Handrows' claims separately, gives the jury no basis for doing so. In addition, when considered in conjunction with the verdict form, which did not separate the percentage of fault of the Handrows, this instruction is, at best, confusing, and, at worst, meaningless.

Finally, Eleanor was prejudiced by the refusal to give the tendered instructions. The jury was not informed that Alwin's negligence could not be imputed to her and may have assumed that it was proper to do so.

The majority concludes the Handrows have waived this issue by failing to "tender a verdict form designed to alleviate the alleged problems with the imputation of negligence to Eleanor", and by failing to object to the form of the verdict returned by the jury. I disagree. In *Wolff v. Slusher* (1974), 161 Ind.App. 182, 190–91, 314 N.E.2d 758, 763, this court explained:

> The appellants neither objected to the proposed verdict forms nor objected to the verdicts returned prior to the discharge of the jury. Although such failure may constitute waiver of the error alleged, the fundamental responsibility to instruct the jury cannot be ignored. It is essential that the jury understand the issues before them in order that they may return a proper verdict.

Here, the jury was given one verdict form, which read in pertinent part:

> We, the Jury, find the fault in this matter to be attributed as follows:
>
> | | |
> |---|---|
> | Plaintiffs | ____ |
> | Defendant | ____ |
> | Nonparty | ____ |
> | TOTAL MUST = | 100% |
>
> If the fault of Plaintiffs is greater than 50% enter the following verdict:
> We, the Jury, find for Defendant.
> DATE: _____ FOREMAN: _____
>
> If the fault of Plaintiffs is not greater than 50% THEN you must determine the total amount of damages each Plaintiff is entitled to recover, without regard to fault:

| Damages of ALWIN HANDROW | Damages of ELEANOR I. HANDROW |
|---|---|
| $_____ | $_____ |
| Multiply by ) | Multiply by ) |
| % attributed ) | % attributed ) |
| to defendant )  X_____ | to defendant )  X_____ |
| expressed as ) | expressed as ) |
| a decimal ) | a decimal ) |
| _____ | _____ |
| Amount due Alwin Handrow from Defendant | Amount due Eleanor I. Handrow from Defendant |

Without the Handrows' tendered instructions Nos. 35 and 36, the jury would have had no basis on which to separate Alwin's negligence from Eleanor's negligence. Therefore, tendering a different verdict form would have been futile.

Finally, IND.CODE § 34-4-33-6 provides:

The court *shall* furnish to the jury forms of verdicts that require the disclosure of:
(1) the percentage of fault *charged against each party;* and
(2) the calculations made by the jury to arrive at their final verdict.

(Emphasis added). The statute places the responsibility for furnishing correct verdict forms upon the court. Here, Eleanor and

Alwin were both parties, but the court failed to furnish a verdict form which required the disclosure of the percentage of fault attributed to *each* of them. This error coupled with the trial court's refusal to give the Handrows' tendered instructions nos. 35 and 36, results in a verdict which may have been based on the jury's misconception of the law.

Although it appears, at first glance, that only Eleanor was prejudiced by the trial court's error, if we were to reverse only as to Eleanor, we would be left with problems concerning the status of Alwin upon retrial. He might be considered a non-party defendant under I.C. § 34-4-33-10. However, such status would probably result in conflicting verdicts as to Alwin's negligence and would raise a question of *res judicata.* Therefore, I would reverse and remand for new trial as to both Alwin and Eleanor.